**Randolph CREWS, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 97–361 C.**

United States Court of Federal Claims.

May 13, 1997.

---

7. *See J.J. Henry Co. v. United States*, 188 Ct. Cl. 39, 46, 411 F.2d 1246, 1249 (1969); *Marathon Oil Co. v. United States*, 16 Cl.Ct. 332, 338–39 (1989)

Plaintiff, pro se.

## ORDER

HORN, Judge.

In this motion, plaintiff, acting *pro se*, asks leave of court to proceed *in forma pauperis* to pursue a claim for "immediate declaratory judgment" against the United States, apparently in connection with his eviction from an apartment in West Germany, following termination of his employment with the United States Army. For the reasons that follow, plaintiff's complaint is dismissed, and his motion to proceed *in forma pauperis* is denied.

Although plaintiff does not present a concise statement of facts, allegedly he is a disabled veteran. It appears that he was employed by the United States Army in West Germany, but that the Army terminated him while he was a probationary appointee. Plaintiff appealed the Army's personnel action dismissing him to the Merit Systems Protection Board. The Merit Systems Protection Board denied Crews' appeal, 68 M.S.P.R. 159 (1995) (table), and the United States Court of Appeals for the Federal Circuit affirmed. 77 F.3d 502 (Fed.Cir.1996) (table).

According to plaintiff's submission, on June 13, 1996, plaintiff and his wife were evicted from their apartment in West Germany and their personal property was seized by a German Marshall. Plaintiff appears to seek a declaratory judgment upholding his "rights acquired by judgment," and $25,000,000.00 in "exemplary damages" as a result of defendant's alleged violation of plaintiff's rights to "job reinstatement, promotional rights, back pay, renewed travel agreement with housing allowance, and transfer due to violating workers compensation rights." Finally, plaintiff demands that the court adjudge:

(1) That none of the Defendants are entitled to recover from plaintiff the amount of said damages or any part thereof.
(2) That the Defendants pay to plaintiff the cost of this action.
(3) That Plaintiff have such other and further relief as is just.

In order to provide access to this court to those who cannot pay the requisite filing fees (including those mandated by Rule 77(k) of the Rules of the United States Court of Federal Claims (RCFC)), 28 U.S.C. § 1915 (1994) [1] traditionally has permitted a court of the United States to allow a plaintiff to file a complaint without payment of fees or security.

As recently amended, 28 U.S.C. § 1915 now provides:

(a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceedings, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such *prisoner* possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a) (1994), as amended Act of April 26, 1996, Pub.L. No. 106–134, Title VIII, § 804(a), (c) and (e), 110 Stat. 1321–73, 1321–74, renumbered Title I, May 2, 1996, Pub.L. No. 104–140, § 1(a), 110 Stat. 1327 (emphasis added).[2] The use of the word "prisoner" in the amended version of § 1915, instead of the word "person" in the phrase "that includes a statement of all assets such prisoner possesses," might be read to limit application of the statute permitting *in forma pauperis* filings in federal courts to prisoners only. Logic dictates rejection of such a reading. Moreover, based on established rules of statutory interpretation, this court must construe each part of a statute in connection with all the other sections, so as to produce a harmonious whole. *Massachusetts v. Morash,* 490 U.S. 107, 115, 109 S.Ct. 1668, 1673, 104 L.Ed.2d 98 (1989). As stated by the United States Supreme Court:

On numerous occasions we have noted that " ' " '[i]n expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy.' " ' " *Kelly v. Robinson,* 479 U.S. 36, 43 [107 S.Ct. 353, 357–58, 93 L.Ed.2d 216] (1986), quoting *Offshore Logistics, Inc. v.*

---

**1.** Section 1915(a) (1994) previously provided:

Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such

affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

**2.** Plaintiff's complaint was submitted following the amendment of 28 U.S.C. § 1915, and, therefore, must be decided pursuant to the amended statute.

*Tallentire,* 477 U.S. 207, 221 [106 S.Ct. 2485, 2493, 91 L.Ed.2d 174] (1986) (quoting *Mastro Plastics Corp. v. NLRB,* 350 U.S. 270, 285 [76 S.Ct. 349, 359, 100 L.Ed. 309] (1956) (in turn quoting *United States v. Heirs of Boisdore,* 8 How. 113, 122, 12 L.Ed. 1009 (1849))).

*Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 51, 107 S.Ct. 1549, 1555, 95 L.Ed.2d 39 (1987). Furthermore, the court may resort to legislative history when interpreting a statute if a literal interpretation would lead to an incongruous result. *Reid v. Department of Commerce,* 793 F.2d 277 (Fed.Cir. 1986):

> For example, if a literal reading of the statute would impute to congress an irrational purpose, *United States v. Bryan,* 339 U.S. 323, 338, 70 S.Ct. 724, 734, 94 L.Ed. 884 (1950), or would thwart the obvious purpose of the statute, *Trans Alaska Pipeline Rate Cases,* 436 U.S. 631, 643, 98 S.Ct. 2053, 2061, 56 L.Ed.2d 591 (1978), or would lead to a result at variance with the policy of the legislation as a whole, *Trustees of Indiana University v. United States,* 618 F.2d 736, 739, 223 Ct.Cl. 88, 94 (1980), then literal interpretation will be eschewed in favor of resort to the legislative history to ascertain the intent of Congress. *United States v. Oregon,* 366 U.S. [643] at 648, 81 S.Ct. [1278] at 1281 [6 L.Ed.2d 575 (1961)], 2A Sands § 46.07.

*Id.* at 281–82.

The language of 28 U.S.C. § 1915(a)(1), as amended, is not plain and unequivocal on its face, and a literal reading of the statute might lead to a result at variance with the policy of the legislation as a whole. According to the legislative history,

the recent amendments to § 1915 were enacted in order to "discourage frivolous and abusive prison lawsuits." H.R.Rep. No. 378, 104th Cong., 1st Sess. 166 (1995). Although this House Conference Report dealt with H.R. 2076, legislation that was ultimately vetoed by the President, *President's Message to the House of Representatives Returning Without Approval the Departments of Commerce, Justice, and State the Judiciary and Related Agencies Appropriations Act, 1996,* 31 Weekly Comp. Pres. Doc. 2208–2210 (Dec. 19, 1995), the language regarding prison litigation reform remained unchanged in the subsequent Prison Litigation Reform Act of 1995, which was signed into law on April 26, 1996.[3] Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, 110 Stat. 1321–66 (1996). Thus, it is not likely that Congress intended to preclude *in forma pauperis* applications by indigent non-prisoners, when the clear purpose of the legislation was to discourage frivolous and abusive prisoner lawsuits.

A number of courts have reviewed the *in forma pauperis* opportunities for non-prisoner litigants in federal courts. For example, in *Floyd v. United States Postal Serv.,* 105 F.3d 274, 275–76 (6th Cir.1997), the court wrote "we conclude that Congress did not intend to prevent a non-prisoner from being able to proceed *in forma pauperis* in federal court." In *Schagene v. United States,* 37 Fed.Cl. 661, 662–63 (1997), Judge Weinstein of this court, likewise, concluded that it was not the intent of Congress to eliminate the *in forma pauperis* right of access to federal courts of eligible, indigent, non-prisoners. *See also In re Prison Litigation Reform Act,* 105 F.3d 1131, 1134 (6th Cir.1997) (administrative order by the Chief Judge of the United States Court of Appeals for the Sixth

---

3. In fact House Conference Report 104–537 for H.R. 3019, which was enacted as Public Law 104–134, stated the following:

> While this conference agreement includes the full text of the fiscal year 1996 Commerce, Justice, and State, the Judiciary, and Related Agencies appropriations bill, with the exception noted above, much of the language is identical to the language included in the conference report on H.R. 2076 [the previous bill containing identical *in forma pauperis* language which was vetoed on other grounds by the President]. As a result, only the changes from the conference report on H.R. 2076 are

addressed in the statement of managers that follows. With the exception that follow, the statement of managers in the conference report on H.R. 2076 (H. Rept. 104–378, star print) and the applicable portions of the House and Senate reports on H.R. 2076, remain controlling and are incorporated by reference.

H.R.Rep. No. 104–537, at 397 (1996) (emphasis added). The House Conference Report did not contain any further reference to the *in forma pauperis* language of H.R. 3019, therefore, the conference report on H.R. 2076 is incorporated by reference.

Circuit discussing how to administer *in forma pauperis* rights to a non-prisoner, thereby acknowledging the rights of non-prisoners to apply for *in forma pauperis* status); *Powell v. Hoover*, 956 F.Supp. 564, 566 (M.D.Pa. 1997) (holding that "a fair reading of the statute [28 U.S.C. § 1915(a)(1)] is that it is not limited to prisoner suits"); *Leonard v. Lacy*, 88 F.3d 181, 183 (2d Cir.1996) (using "sic" following the word "prisoner" in 28 U.S.C. § 1915(a)(1) to indicate that the use of that word was inappropriate).

This court also notes that section 1915 had been previously amended on September 21, 1959, to expand the scope of entitlement under the act by deleting the word "citizen" and inserting in its place the word "person." Pub.L. No. 86–320, 73 Stat. 590 (codified as amended at § 1915(a)). The purpose of the 1959 law was to extend the privilege of proceedings *in forma pauperis* to indigent aliens, the same privileges that were then afforded citizens. S.Rep. No. 947 (Sept. 8, 1959), *reprinted in* 1959 U.S.C.C.A.N. 2663, 2664. Consequently, the court does not find it logical to interpret Pub.L. No. 104–134, the most recent amendment to § 1915, to remove, by inference, the *in forma pauperis* option to indigent non-prisoners, when a previous amendment specifically expanded the *in forma pauperis* entitlement to indigent aliens as well as other indigent citizens.

When the person submitting a request to proceed *in forma pauperis* is a prisoner, 28 U.S.C. § 1915(a)(2)[4] requires that the prisoner shall submit, along with the affidavit required by subsection (a)(1), a certified copy of:

the trust fund account statement (or institutional equivalent) for the prisoner for the 6–month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2) (1994 as amended April 26, 1996). Subsection 1915(b)(1) also limits the applicability of subsection (a) and requires that the filing fee for a lawsuit filed by a prisoner must eventually be paid in full from funds available to prisoners. Subsection (b)(1) specifically states:

(b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—

(A) the average monthly deposits to the prisoner's account; or

(B) the average monthly balance in the prisoner's account for the 6–month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1) (1994 as amended April 26, 1996). 28 U.S.C. § 1915(a)(2) and (b) create additional requirements applicable only to prisoners who make requests to proceed *in forma pauperis* which are not relevant to non-prisoners. Therefore, it is reasonable to conclude that the language of subsection (a) in the amended statute was intended by Congress to have application beyond the prisoner population to non-prisoners, or 28 U.S.C. § 1915(a)(1) would not be necessary.

Moreover, 28 U.S.C. § 1915(a)(1) refers to both "person" and "prisoner." The word "person" is used three times in the subsection, the word "prisoner" is used only once. This court finds that the single use of the word "prisoner" in the language of 28 U.S.C. § 1915(a)(1), although perhaps a poor choice of a word, and in all probability, inadvertent, was not intended to eliminate a non-prisoner from proceeding in federal court *in forma pauperis*, provided the civil litigant can demonstrate appropriate need. Any other interpretation is inconsistent with the purpose of the Prison Litigation Reform Act of 1995 and with the statutory scheme of 28 U.S.C. § 1915. This court, therefore, concludes that a non-prisoner plaintiff shall be allowed to file an *in forma pauperis* claim, provided the

---

**4.** Subsection (a)(2) of 28 U.S.C. § 1915 is a new section which was added to the statute by the 1996 amendments.

plaintiff has filed the required affidavit in accordance with the 1996 version of 28 U.S.C. § 1915(a)(1), and is found to qualify for *in forma pauperis* status.

■ Pursuant to 28 U.S.C. § 1915(a)(1), in order to qualify for *in forma pauperis* status, an applicant must file an affidavit which must include a statement of assets, a statement that the applicant is unable to pay such fees or provide security, must state the nature of the action, defense or appeal, must state the affiant's belief that he/she is entitled to redress. In the above-captioned case, plaintiff's submission to this court does not include an affidavit meeting the above requirements. Therefore, the court finds that the plaintiff has not fully complied with the requirements of 28 U.S.C. § 1915(a)(1), in order to proceed *in forma pauperis.*

Moreover, pursuant to § 1915(e)(2)(B), the court may dismiss an action brought in conjunction with a motion to proceed *in forma pauperis* at any time if the court determines that the action is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief 28 U.S.C.A. § 1915(e)(2)(B).

■ Upon review of plaintiff's submission, the court also cannot discern a claim raised by plaintiff over which this court has jurisdiction. Plaintiff appears to plead two counts, a "damnify count" and an "exemplary damages count." It is unclear what is the cause of action plaintiff intends with his damnify count. Plaintiff states that "my wife and I have been damnified in the German Courts by means of this *EVICTION*," and in the next paragraph "demand[s]" that his "rights acquired by judgment be upheld for rights acquired by judgment are property rights which cannot be taken away without due process of law." If plaintiff is attempting to state a takings claim pursuant to the Just Compensation Clause of the Fifth Amendment to the United States Constitution, it is unclear what property plaintiff alleges was taken. Moreover, claims under the Fifth Amendment to the Constitution must be for actions taken by the government of the United States. In the instant case, plaintiff appears to be alleging violations to his rights based on actions allegedly taken by the German government.

■ Although a final judgment issued by a court of law may vest rights, *see McCullough v. Virginia,* 172 U.S. 102, 123, 19 S.Ct. 134, 141–42, 43 L.Ed. 382 (1898), plaintiff has not presented the court with evidence of a judgment in his favor. Instead, the judgments of the Merit Systems Protection Board and the Court of Appeals for the Federal Circuit both hold against plaintiff. Moreover, to the extent plaintiff seeks a declaratory judgment upholding his "rights acquired by judgment," such relief is beyond the scope of this court's injunctive powers. *See Brown v. United States,* 35 Fed.Cl. 258, 267 (1996), *aff'd,* 105 F.3d 621 (Fed.Cir.1997). The court lacks authority to issue declaratory judgments unless specifically authorized to do·so. *Id.* (citing *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976)). This court is not authorized to grant declaratory judgment for the relief that plaintiff seeks.

■ The plaintiff also makes a claim against the Army for exemplary damages. If plaintiff claims negligent or tortious interference with his rights, this court does not have jurisdiction to decide such claims. The Tucker Act expressly excludes tort claims from the jurisdiction of the United States Court of Federal Claims. 28 U.S.C. § 1491(a)(1) (1994); *see Golden Pacific Bancorp. v. United States,* 15 F.3d 1066, 1069 n. 8 (Fed.Cir.1994), *cert. denied,* 513 U.S. 961, 115 S.Ct. 420, 130 L.Ed.2d 335 (1994); *Shearin v. United States,* 992 F.2d 1195, 1197 (Fed.Cir.1993); *Edwards v. United States,* 19 Cl.Ct. 663, 669 (1990). In reviewing the jurisdiction of this court, the United States Court of Appeals for the Federal Circuit has stated the following:

It is well settled that the United States Court of Federal Claims lacks-and its predecessor the United States Claims Court lacked-jurisdiction to entertain tort claims. The Tucker Act expressly provides that the 'United States Court of Federal Claims shall have jurisdiction ... in cases *not* sounding in tort.' 28 U.S.C. § 1491(a)(1) (1988) (emphasis added), *as amended by*

Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 902(a), 106 Stat. 4506; *see Aetna Casualty and Surety Co. v. United States,* 655 F.2d 1047, 1059, 228 Ct.Cl. 146 (1981).

*Shearin v. United States,* 992 F.2d at 1197.

■ As best as the court can discern from plaintiff's submission, plaintiff's claim is not based on any constitutional provision, contract, statute or regulation which may be fairly interpreted as mandating compensation by the Government, or on the illegal exaction or retention of monies paid to the Government. *Rodarmel v. United States,* 221 Ct.Cl. 984, 618 F.2d 125 (1979) (citing *United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *Eastport S.S. Corp. v. United States,* 178 Ct.Cl. 599, 372 F.2d 1002 (1967)).

**IT IS SO ORDERED.**