**Randolph CREWS, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
**Respondent.**

**No. 01–3304.**

United States Court of Appeals,
Federal Circuit.

Dec. 7, 2001.

Before NEWMAN, MICHEL and GAJARSA, Circuit Judges.

PER CURIAM.

Mr. Randolph Crews petitions for review of a final decision of the Merit Systems Protection Board ("Board"), in which the Board affirmed the decision of the Office of Personnel Management ("OPM") denying Mr. Crews' application for disability retirement as untimely filed. *Crews v. Office of Pers. Mgmt.,* No. PH–844E–01–00035–I–1 (April 2, 2001). We *dismiss* Mr. Crews' petition for review for lack of jurisdiction.

Mr. Crews, a United States citizen, was employed in Germany as a Voucher Examiner, a civilian position, with the Travel Division of the Department of the Army of the United States. Mr. Crews stated in this position on September 19, 1994. He was removed for unexcused absenteeism effective March 10, 1995.

On June 5, 2000, the OPM received Mr. Crews' application, dated May 30, 2000, for a disability retirement annuity. His application stated he was disabled due to injuries to his knees, vascular conditions from commuting more than 100 miles per day to and from his job as a Voucher Examiner, and vascular hypertension from stressful situations and living conditions in a foreign country while working as a Voucher Examiner. These conditions allegedly caused Mr. Crews' absence from work from January 10, 1995 to the date of his termination. The OPM dismissed the application by letter dated September 6, 2000, because it

was untimely filed. Claimants must file applications for disability retirement with the OPM either prior to separation or within one year thereafter. 5 U.S.C. §§ 8337(b) & 8453 (2000). Mr. Crews filed his application more than five years after the date of his separation. The only exception to the one-year time limit is for mental incompetence. The OPM noted that Mr. Crews' case file contained no indication of mental incompetence, but invited Mr. Crews to submit any information relevant to that issue in a request for reconsideration. He made the request and submitted additional information, however, the OPM denied reconsideration by letter dated October 10, 2000, noting that Mr. Crews only submitted information related to alleged physical disabilities, not mental incompetence, as would be required to waive the one-year time limit.

Mr. Crews appealed the OPM's decision to the Board on October 17, 2000, arguing, among other things, that his 1995 termination was prohibited by regulation, and seeking a waiver of the one-year time limit. The Board's proceeding included a telephonic hearing with Mr. Crews, held on January 2, 2001. While noting Mr. Crews' various arguments, the Board agreed with the OPM that the one-year time limit could not be waived for mental incompetence. The Board also found that the Department of the Army was not obligated to notify Mr. Crews of his eligibility to file for disability retirement. This was so because the Department of the Army did not remove him for reasons apparently caused by a medical condition—the documentation Mr. Crews submitted at the time of his removal failed to substantiate a medical cause for his continued absence. In addition, the Board found that the Department of the Army was not obligated to file a disability application for him. It would have had that obligation if all five factors of 5 C.F.R. § 844.202(a) (2000)[1] were met. However, several were not met, including that Mr. Crews readily admitted that he was not institutionalized and that his wife could have filed a disability application on his behalf. Finally, the Board noted that there was no evidence that the Department of the Army engaged in any misconduct toward Mr. Crews or gave him misleading information. The Board issued its decision on April 2, 2001. In an order dated June 12, 2001, the full Board declined to review the initial decision, making the initial decision final and this appeal followed.

We may reverse a decision of the Board if it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000). However, even given this standard, this court's review of Board decisions is limited, particularly so in the case of entitlement to disability retirement benefits. Under 5 U.S.C. § 8347(d), this Court may not review the "factual underpinnings" of the Board's decisions with respect to Federal disability benefits. *See*

---

1. The provisions of 5 C.F.R. § 844.202(a) are as follows:

(1) The agency has issued a decision to remove the employee;

(2) The agency concludes, after its review of medical documentation, that the cause for unacceptable performance, attendance, or conduct is disease or injury;

(3) The employee is institutionalized, or the agency concludes, based on a review of medical and other information, that the employee is incapable of making a decision to file an application for disability retirement;

(4) The employee has no personal representative or guardian; and

(5) The employee has no immediate family member who is willing to file an application on his or her behalf.

*Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985); *Anthony v. Office of Pers. Mgmt.*, 58 F.3d 620, 626 (Fed.Cir.1995). Instead, our power of review is limited to determining whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some error going to the heart of the administrative process." *Lindahl*, 470 U.S. at 791, 105 S.Ct. 1620 (internal quotation omitted).

■ Mr. Crews has had a full review of the facts of his late filing by the Board and the has been unsuccessful there. Given the limitations on our authority to review the Board's decision, we are not empowered to review the evidence offered by Mr. Crews. We accept, as we must, the findings of the Board that Mr. Crews has failed to establish a basis for his disability retirement claim and an excuse for his tardy filing.

■ Mr. Crews discusses a variety of contentions with regard to the circumstances surrounding his termination from the Department of the Army and his difficulties in that position, his career and status as a Veteran of our Armed Services, and his endeavors to prosecute various claims in other venues since his separation from the Department of the Army.[2] The issues or potential issues raised by or embedded in these circumstances, however, are not properly before this court and they do not seem to bear on the issue of an untimely filing for disability retirement benefits. Ultimately, Mr. Crews bears the burden of demonstrating entitlement to disability retirement benefits. *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 141 (Fed.Cir.1986). Moreover, Mr. Crews must demonstrate such entitlement before

a body, unlike this Court, that is empowered to review the factual basis of the claim.

We also do not discern, and Mr. Crews has not alleged, any "substantial departure from important procedural rights," or errors "going to the heart of the administrative process." *Lindahl*, 470 U.S. at 791, 105 S.Ct. 1620 (internal quotation omitted). The only issue that we could potentially address is whether any grave procedural error exists in the process by which the Board concluded that Mr. Crews is not entitled to the benefits he seeks. The record shows that Mr. Crews has been given a full hearing and he does not assert procedural error. Instead, he seeks our review of the facts.

Therefore, because Mr. Crews presents a factual issue that we lack authority to consider, we lack jurisdiction to consider his contentions. We therefore dismiss his petition for review.

---

**2.** These other actions include: *Crews v. Department of the Army,* No. 99–3182, 1999 WL 825132 (Fed.Cir.), *cert. denied,* 528 U.S. 1182, 120 S.Ct. 1222, 145 L.Ed.2d 1121 (2000);

*Crews v. Department of the Army,* No. 95–3742, 1996 WL 26907 (Fed.Cir.1996); and *Crews v. United States,* 38 Fed. Cl. 10 (1997).