**Florence Wilson NZONGDA, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 07–192C.

United States Court of Federal Claims.

May 7, 2007.

Florence Wilson Nzongda, pro se, Washington, D.C., Plaintiff.

Maame A.F. Ewusi–Mensah, Trial Attorney, U.S. Department of Justice, Commercial Litigation Branch, Civil Division, Washington, D.C., for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

This case is before the Court on *pro se* Plaintiff's application to proceed *in forma pauperis* filed March 21, 2007. Plaintiff also filed a motion "for appointment of an attorney or lawyer" on the same date.

28 U.S.C. § 1915 concerns proceedings *in forma pauperis*. The statute provides in relevant part:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1) (2000).

Non-prisoners may also apply to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *See Crews v. United States*, 38 Fed.Cl. 10, 12–15 (1997) (noting that "the clear purpose of [Section 1915(a)] was to discourage frivolous and abusive lawsuits," and concluding, "a non-prisoner plaintiff shall be allowed to file an *in forma pauperis* claim, provided the plaintiff has filed the required affidavit in accordance with ... § 1915(a), and is found to qualify for *in forma pauperis* status."). Accordingly, the Court reviews Plaintiff's application against the standards set forth in the statute.

### Background and Discussion

Plaintiff's application consists of a mostly blank application form on which Plaintiff has written her name and signature. Attached

to the back of Plaintiff's application is a handwritten note stating, "This Plaintiff has no income[.] IDA laid off[.] No SSA yet the Plaintiff is disable[d]. No job." While the Court does not have any reason to question Plaintiff's circumstances, Plaintiff's application is nonetheless incomplete. *See Crews,* 38 Fed.Cl. at 15 (finding that the plaintiff failed to fully comply with the requirements for an affidavit under Section 1915(a)). Accordingly, Plaintiff's application must be denied for failure to satisfy the requirements in Section 1915(a)(1).

The Court additionally notes that Section 1915 directs this Court to dismiss a case whenever the Court "determines that ... the action ... is frivolous or malicious [or] fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Court has carefully reviewed Plaintiff's Complaint, and discerns the following allegations against the Defendants, identified in the Complaint as the Metropolitan Police Department ("MPD"), the Federal Bureau of Investigation ("FBI"), and the United States Capitol Police ("USCP"):

1. That Defendants have failed to prevent unidentified private individuals from stalking Plaintiff;

2. That Defendants have conspired with private individuals to deny Plaintiff certain "Public Benefits," including financial assistance and medical treatment, to which she claims entitlement;

3. That Defendants have failed to protect Plaintiff from becoming the victim of ridicule, theft, and invasion of privacy; and

4. That Defendants have failed to prevent the commission of racial discrimination against Plaintiff.

The Court initially notes that it holds the pleadings of *pro se* Plaintiffs "to a lesser standard than those drafted by lawyers when determining whether the complaint should be dismissed for failure to state a claim[.]" *Stamps v. United States,* 73 Fed.Cl. 603, 606 (Fed.Cl.2006) (citing *Forshey v. Principi,* 284 F.3d 1335, 1357 (Fed.Cir.2002) (citations omitted)). The Court has no duty, however,

"to create a claim which [Plaintiff] has not spelled out in [her] pleading[.]'" *Id.* (citing *Scogin v. United States,* 33 Fed.Cl. 285, 293 (1995) (citations omitted)).

In order to invoke this Court's jurisdiction, a plaintiff must present an allegation that falls within the category of claims identified in The Tucker Act. The Tucker Act provides:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

Additionally, plaintiffs in this Court must identify a separate "money-mandating" statute that requires the government to pay the plaintiff for the injury alleged. In other words, the plaintiff "must also demonstrate that the source of law relied upon 'can fairly be interpreted as mandating compensation by the federal government for the damages sustained.'" *Stamps,* 73 Fed.Cl. at 607–08 (citations omitted).

Having reviewed Plaintiff's Complaint against the requirements of The Tucker Act and the cases cited above, the Court is unable to discern any claims for which the Court may grant relief to Plaintiff. In their essence, Plaintiff's claims assert that Defendants have (1) failed to perform their official duties with respect to Plaintiff; (2) negligently performed their official duties with respect to Plaintiff; and (3) conspired with private individuals against Plaintiff. These allegations do not support a cause of action under the Tucker Act. As the Court noted in *Cottrell v. United States:*

The court does not have jurisdiction over claims that defendant engaged in negligent, fraudulent, or other wrongful conduct when discharging its official duties. It does not have jurisdiction over harassment claims, or breach of duty claims, or claims involving tortious interference with contractual relationships[.] Even where the claim is framed under non-tort law, the

court lacks jurisdiction if the essence of the claim lies in tort. Finally, the Court of Federal Claims lacks jurisdiction over conspiracy claims because these, too, sound in tort.

*Cottrell v. United States*, 42 Fed.Cl. 144, 149 (Fed.Cl.1998) (citations omitted).

### Conclusion

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is DENIED and Plaintiff's Complaint is DISMISSED with prejudice. Plaintiff's motion "for appointment of an attorney or lawyer" is DENIED as moot. The Clerk of the Court shall enter judgment consistent with this opinion, and shall not accept future filings from Plaintiff without an order by a judge of this court approving the filing. *See Nalette v. United States*, 72 Fed.Cl. 198, 204 (2006).

IT IS SO ORDERED.