Robert **BUNCH**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 60–89C.

United States Court of Federal Claims.

May 1, 1995.

**338**

Lenard Leeds, Leeds & Morelli, Carle Place, NY, for plaintiff.

James M. Kinsella, Asst. Director, Commercial Litigation Branch, with whom were David M. Cohen, Director, and Frank W. Hunger, Asst. Atty. Gen., Civ. Div., U.S. Dept. of Justice, Washington, DC, for defendant; Captain Michael Smith, U.S. Army, of counsel.

*OPINION*

SMITH, Chief Judge.

This case comes before the court on defendant's motion to dismiss. Plaintiff Robert Bunch claims that in making promotion decisions, the Army repeatedly discriminated against him because of his race. Plaintiff alleges that because of this discrimination, he was not promoted to the rank of General Officer, and consequently was forced to retire as a colonel at the age of 55. Plaintiff seeks correction of his military records to reflect a promotion to the grade of General Officer, all payments and allowances he would have been entitled to had he received the promotion, and retroactive reinstatement at the rank of General Officer.

Defendant has filed a motion to dismiss, claiming that plaintiff's claim raises non-justiciable questions.[1] After careful consideration of the briefs filed by both parties,[2] and after further consideration of the relevant law, the court hereby grants defendant's motion.

## FACTS

Plaintiff Robert Bunch served in the Army, Army National Guard, and the Army Reserve (USAR) for 38 years. He entered the USAR as a second lieutenant in 1960, and rose to the rank of colonel, to which he was promoted in 1981. Subsequently, plaintiff on several occasions was considered for, but not awarded, a promotion to the rank of General Officer.

USAR regulations require that a person of the rank of colonel be mandatorily removed from service 30 days after his or her 55th birthday.[3] On April 29, 1988, plaintiff's name was placed on the list of USAR personnel with mandatory removal dates through De-

---

1. Defendant originally filed its motion to dismiss on the grounds that the court lacked subject matter jurisdiction to hear the claim. Defendant has since conceded, however, that the court has the requisite subject matter jurisdiction, and now relies on non-justiciability in support of its motion.

2. Oral argument on the defendant's motion to dismiss, originally scheduled for November 18,

1993, but was postponed in order to afford the parties the opportunity to file briefs with the court addressing the impact on their positions of the decisions in *Murphy v. United States*, 993 F.2d 871 (Fed.Cir.1993) and *Adkins v. United States*, 30 Fed.Cl. 158 (1993).

3. Army Regulation 140–10 7–2, "length of service (removal rule 1)".

cember 31, 1988. Plaintiff's mandatory removal date was August 28, 1988. On July 19, 1988, plaintiff then requested a transfer to the Retired Reserve pursuant to Army regulations.[4] On August 27, 1988, plaintiff was transferred to the USAR Control Group (Retired).

Plaintiff, an African–American, claims that from 1981 until his retirement he was repeatedly passed over in favor of less qualified white officers for requested assignments and for promotion to General Officer. Had plaintiff attained the rank of General Officer prior to his 55th birthday, he would not have been required to retire.

On February 3, 1989, plaintiff filed suit in this court, requesting pay and duty allowances for a General Officer from the date at which he should have been promoted to that rank. In addition, plaintiff requested that the court order the Department of the Army to correct plaintiff's military records to reflect a promotion to the rank of General Officer, and to void plaintiff's retirement, effecting a reinstatement to extended active duty status at the General Officer rank.

On August 29, 1989, the court granted plaintiff's motion for a suspension of proceedings while plaintiff pursued his action before the Army Board for Correction of Military Records (ABCMR). Plaintiff requested essentially the same relief from the ABCMR that he requested in his complaint to this court. In an April 23, 1992 letter, the ABCMR informed plaintiff that his request for correction of military records had been denied. In the Memorandum of Consideration accompanying the letter, the ABCMR reviewed the records and found that plaintiff's records "were properly constituted, devoid of material error, comprehensively evaluated, and equitably reviewed."

After the denial by the ABCMR, defendant filed the instant renewed motion to dismiss.

---

4. Army Regulation 140–10, paragraph 6–1a(2).

5. Article I, section 8 of the Constitution gives Congress the power to "raise and support armies," "provide and maintain a navy," and to

## DISCUSSION

Defendant argues that while the court has the requisite subject matter jurisdiction to hear plaintiff's claim, the case is non-justiciable. In essence, defendant argues that promotion and assignment decisions are within the sole discretion of the military, and that this court does not have the capability or authority to review such personnel decisions. Plaintiff responds that this court can provide relief if the plaintiff can demonstrate a specific violation of federal law. Since plaintiff's claim of discrimination based on race is potentially a violation of Title VII of the Civil Rights Act of 1964, plaintiff contends, this court is empowered to provide a remedy.

■ Having jurisdiction over a claim is insufficient by itself to allow the court to grant relief. The issue must also be justiciable. *Murphy v. United States*, 993 F.2d 871, 872 (Fed.Cir.1993); *Adkins v. United States*, 30 Fed.Cl. 158, 162 (1993). Justiciability depends on "whether the duty asserted can be judicially identified and its breach judicially determined, and whether protection for the right asserted can be judicially molded." *Baker v. Carr*, 369 U.S. 186, 198, 82 S.Ct. 691, 700, 7 L.Ed.2d 663 (1962). A fundamental test of whether there is a non-justiciable question is whether there is "a textually demonstrable constitutional commitment of the issue to a coordinate political department." *Id.* at 217, 82 S.Ct. at 710.

Because the Constitution delegates specific power over the military to the political branches,[5] the courts have generally refrained from interfering in military decision making. "[J]udges are not given the task of running the military. . . . Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters." *Orloff v. Willoughby*, 345 U.S. 83, 93–94, 73 S.Ct. 534, 540, 97 L.Ed. 842 (1953).

■ Judicial deference to the political branches extends to almost all military per-

"make rules for the government and regulation of the land and naval forces." Article II, section 2, designates the President as Commander in Chief of the armed forces.

sonnel decisions. "[W]e have recognized that there are 'thousands of [ ] routine personnel decisions regularly made by the services which are variously held nonjusticiable or beyond the competence or the jurisdiction of courts to wrestle with.'" *Murphy v. United States* 993 F.2d at 871 (quoting *Voge v. United States,* 844 F.2d 776, 780 (Fed.Cir.1988)). Such deference also extends to the procedures established by the military to address personnel grievances. "The responsibility for setting up channels through which [personnel] grievances can be considered and fairly settled rests upon the Congress and upon the President of the United States and his subordinates. The military constitutes a specialized community governed by a separate discipline from that of the civilian." *Orloff v. Willoughby,* 345 U.S. at 93–94, 73 S.Ct. at 540. As this court recently noted:

> [I]t would be hard to measure the damaging effect of shifting this type of sensitive personnel and management decision from trained military professionals, to a nonspecialist judiciary whose constitutional role is to apply and interpret legal standards as they relate to specific facts.

*Taylor v. United States,* 33 Fed.Cl. 54, 58 (Fed.Cl. filed April 5, 1995).

■ Such broad deference by the judiciary does not mean that every personnel decision made by any service branch is beyond the ken of judicial review. Such review is limited, however, to situations where "the Secretary's discretion is limited, and Congress has established 'tests and standards' against which the court can measure conduct." *Murphy,* 993 F.2d at 873. In addition, this court's ability to review such decisions is essentially limited to whether the military followed its own procedures. "A court may appropriately decide whether the military followed procedures because by their nature the procedures limit the military's discretion. The court is not called upon to exercise any discretion reserved for the military, it merely determines whether the procedures were followed by applying the facts to the statutory or regulatory standard." *Id.*

■ Plaintiff asks this court to, among other things, correct his military records to reflect a promotion to brigadier general. He alleges that on numerous occasions he was passed over for favorable assignments and for promotion in favor of less qualified white officers. To hear this claim would require the court to evaluate each of these promotion and assignment decisions made by the military. Even if we were inclined to do so, however, plaintiff has presented no evidence to support his claim that the officers who received the assignments or promotions sought by Colonel Bunch did not meet the "tests and standards" established by either the Congress or the Army. Rather, plaintiff's unsupported allegation is merely that the white officers were "less qualified."

These promotion and assignment decisions are exactly the types of decisions that are beyond the scope of judicial review. There are no "tests and standards" against which the court can evaluate the merits of the ASAR's decisions regarding plaintiff's career. Absent any objective standards, the court would merely be substituting its judgment on assignment and promotion for that of the Army. As we stated in *Taylor,* "[b]ecause neither congressional statutes nor Army regulations exist which would allow this court to determine in a principled and non-subjective manner the issue ... [the] decision is not justiciable." *Taylor,* 33 Fed.Cl. at 58.

The court is similarly ill-equipped to address the merits of the decision by the ABCMR in denying plaintiff's appeal for correction of his military records. According to the standard enunciated in *Murphy,* our review is limited to determining whether the Army's own procedures were followed in dealing with Colonel Bunch. Colonel Bunch was placed on the mandatory retirement list in accordance with Army regulations. His appeal with the ABCMR was processed and dispensed with in accordance with Army regulations. There is no question that the Army followed its own procedures in dealing with Colonel Bunch and, according to *Murphy,* our inquiry ends there. The merits of the ABCMR decision not to correct Colonel Bunch's military records, just as the merits of the decision not to promote, are within the military's discretion and beyond the scope of judicial review.

Finally, plaintiff argues that since he has alleged a violation of a specific federal statute—Title VII of the Civil Rights Act of 1964—this court is empowered to review the entirety of plaintiff's claim. This argument is without merit. Congress has stated clearly that claims of racial discrimination based on a federal statute may only be brought in United States District Court. 28 U.S.C. § 1343. Section 1343, in pertinent part, grants original jurisdiction to the district courts over civil actions brought "[t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights." 28 U.S.C. § 1343(a)(4). Thus, a claim premised on a violation of Title VII must be brought in district court, not in the Court of Federal Claims. *See also Anderson v. United States,* 22 Cl.Ct. 178, 179 n. 2 (1990) ("[Court of Federal Claims] has no jurisdiction over cases arising under the Civil Rights Act"); *Rogers v. United States,* 14 Cl.Ct. 39, 50 (1987) ("[c]laims of racial discrimination based upon a statute may only be brought in a United States District Court"). Any attempt by this court to resolve plaintiff's discrimination claim would contravene the clear intent of the above statute.[6]

Plaintiff's suit fails because he has failed to demonstrate a violation that is within this court's power to remedy. While judicial review is available in cases where the court can objectively evaluate an alleged breach of congressionally established "tests and standards," *Murphy,* 993 F.2d at 873, the instant action is not such a case. Plaintiff has failed to provide any objective, concrete evidence that any specific action taken in the context of decisions not to promote him violated any specific regulation. In order to determine whether Colonel Bunch should have been reassigned or promoted, then, the court would be unable to rely on any objective standard to review the Army's action, but would be required to substitute its judgment for that of the Army. The court has neither the constitutional nor the statutory authority to do this. The complaint presents a non-justiciable question. The Clerk is directed to dismiss the complaint. No costs.

**IT IS SO ORDERED.**

---

6. It should be noted that in dismissing plaintiff's argument the court is not passing on the merits of the discrimination claim. The issue before the court is one of justiciability only.

