**Lawrence Carter AGEE, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 05–1051C.**

United States Court of Federal Claims.

July 28, 2006.

Lawrence Carter Agee, Williston, VT, Pro Se.

Michael James Dierberg, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

WILLIAMS, Judge.

Plaintiff *pro se*, Lawrence Carter Agee, seeks monetary and injunctive relief stemming from the revocation of his medical licenses in the states of California and Ver-

mont. Compl. ¶ 11.[1] Because Plaintiff failed to allege a claim against the government that is actionable in this Court, This action is dismissed.

### Background [2]

Plaintiff *pro se* filed this action on September 30, 2005, and alleged that, as a result of the revocation of his medical licenses in California and Vermont, the Federal Government violated the Takings Clause of the Fifth Amendment, the Equal Protection Clause of the Fourteenth Amendment, the Due Process Clause of the Fifth Amendment, the Americans with Disabilities Act (ADA), the Health Insurance Portability and Accountability Act (HIPAA), and the Privacy Act. Compl. ¶¶ 11, 64(a), 22, 25.[3] Additionally, Plaintiff alleges that the Federal Government is liable for negligence and defamation. *Id.* ¶¶ 51, 52.

Plaintiff claims that the loss of his medical licenses is the result of the acts of Fletcher Allen Health Care (FAHC), a hospital operating in Vermont, and the National Practitioners Data Bank (NPDB), a data bank established by the Department of Health and Human Services. *Id.* ¶¶ 11, 21, 26.[4] Plaintiff claims that FAHC created a document which allegedly contains false medical information including allegations that Plaintiff suffers from post traumatic stress symptoms and needs six months of counseling. *Id.* ¶¶ 17–18, 26. Plaintiff further claims that the document was subsequently distributed by the NPDB, and the circulation of that document ultimately led to the loss of his medical licenses, employment, and professional reputation. *Id.* ¶¶ 10–11, 21, 73. Plaintiff alleges that FAHC and the NPDB were acting as agents on behalf of the United States. Compl. ¶¶ 46, 57.

Prior to initiating this action, Plaintiff filed suit in the United States District Court for the Eastern District of California seeking damages from the California Medical Board, the Vermont Medical Board, the NPDB, and FAHC due to the loss of his medical licenses, employment, and professional reputation. Def.'s Corrected Mot. Dismiss (Def.'s Mot.) App. A, ¶¶ 10, 13, 20, 27–30, 36, 42, 43, 48. Plaintiff claimed that the distribution of FAHC's report, the medical license revocation proceedings, as well as the revocation of his medical licenses violated, *inter alia,* the ADA, the United States Constitution, and the California State Constitution. *Id.* App. A, ¶¶ 1(a), 9–10, 12–13, 15, 21, 25.[5] The United States moved to intervene pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, and the Court granted the motion to intervene. *Id.* App. B, 11. A magistrate judge recommended that Plaintiff's suit be dismissed for lack of jurisdiction and for failure to state a claim upon which relief could be granted. *Id.* On September 17, 2002, the suit was dismissed. *Id.* App. C.

---

**1.** On March 14, 2006, Defendant filed a Corrected Motion to Dismiss. Plaintiff's opposition to the motion to dismiss was due on April 11, 2006, but he failed to file it. By order dated May 4, 2006, the Court *sua sponte* granted Plaintiff an extension until May 15, 2006, to respond to Defendant's motion. Again, Plaintiff did not file a response.

**2.** The background concerning this matter is derived from Plaintiff's Complaint dated September 29, 2005, Plaintiff's Complaint filed in the U.S. District Court for the Eastern District of California dated September 18, 2001, *Agee v. California Medical Board,* No. CIV S–01–1810 GEB GGH PS (E.D.Cal. Aug. 13, 2002) (Order and Findings and Recommendations), *Agee v. California Medical Board,* No. CIV S–01–1810 GEB GGH PS (E.D.Cal. Sep. 16, 2002) (Order), Plaintiff's Complaint filed in the U.S. District Court for the District of Columbia dated February 2, 2004 and *Agee v. Thompson,* No. 04–196(RMC) (D.D.C. Nov. 18, 2004) (Order).

**3.** Plaintiff's complaint includes two separate paragraphs designated as paragraph 64. For the sake of convenience, the Court will refer to the first paragraph 64 as "64(a)," and the second paragraph 64 as "64(b)."

**4.** Congress created a national reporting system, the NPDB, "to collect and release certain information relating to the professional competence and conduct of physicians." 45 C.F.R. § 60.1. State licensing boards and Boards of Medical Examiners can request information in the NPDB. 45 C.F.R. § 60.11(a)(3). A physician can dispute the information in the NPDB as outlined in 45 C.F.R. § 60.14 via an administrative process.

**5.** Plaintiff's September 18, 2001 complaint, which was filed in the U.S. District Court for the Eastern District of California, begins with an unnumbered paragraph. The Court refers to this paragraph as ¶ 1(a).

On February 9, 2004, Plaintiff filed a complaint in the United States District Court for the District of Columbia against the Secretary of the Department of Health and Human Services and FAHC. Def.'s Mot., App. D. Plaintiff's allegations were based on the events leading up to and including the loss of his medical licenses, employment, and professional reputation. *Id.* Ultimately, Plaintiff's suit was dismissed without prejudice due to his failure to comply with the District Court's orders to serve a revised copy of his complaint listing his full street address. *Id.* App. E.

### Discussion

Defendant moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Prior to proceeding to the merits of an action, a federal court must determine if jurisdiction is proper. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 88–89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Plaintiff has the burden of proving that subject matter jurisdiction exists. *See McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *see also Taylor v. United States,* 303 F.3d 1357,1359 (Fed.Cir. 2002); *Alder Terrace, Inc. v. United States,* 161 F.3d 1372, 1377 (Fed.Cir.1998).

The Court applies more lenient standards to pleadings filed by *pro se* litigants than to those filed by attorneys. *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). It is the traditional role of the Court, with respect to *pro se* plaintiffs, to examine the record "to see if plaintiff has a cause of action somewhere displayed." *Ruderer v. United States,* 188 Ct.Cl. 456, 468, 412 F.2d 1285 (1969), *cert. denied* 398 U.S. 914, 90 S.Ct. 1716, 26 L.Ed.2d 77 (1970). However, this leniency does not relieve *pro se* litigants of their duty to satisfy jurisdictional requirements. *Kelley v. Secretary, U.S. Dep't of Labor,* 812 F.2d 1378, 1380 (Fed.Cir.1987). The fact that Plaintiff "acted *pro se* in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be." *Henke v. United States,* 60 F.3d 795, 799 (Fed.Cir.1995).

When considering a motion to dismiss for failure to state a claim or for lack of subject matter jurisdiction, the court must construe the facts in a light favorable to the pleading party. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The court must presume that unchallenged allegations in the plaintiff's complaint are true. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed.Cir.1988). Moreover, a complaint should be dismissed only if it is "beyond doubt" that no set of facts will support the plaintiff's claim for relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

The Tucker Act, 28 U.S.C. § 1491, confers jurisdiction upon the United States Court of Federal Claims over cases in which a plaintiff has a claim against the United States for money damages. The plaintiff must demonstrate that the source of substantive law he relies upon for his claim mandates compensation by the Federal Government for damages. *United States v. Mitchell,* 463 U.S. 206, 216–17, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Under the Tucker Act, sovereign immunity is waived for "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1)(1994). However, the Tucker Act does not, by itself, "create any substantive right enforceable against the United States for money damages." *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) quoting *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976).

A plaintiff must identify a separate Constitutional provision, statute, or regulation which if violated, provides for a claim for money damages against the United States. *James v. Caldera,* 159 F.3d 573, 580 (Fed. Cir.1998). A statute provides for monetary damages against the United States if it is "reasonably amenable to the reading that it mandates a right of recovery in damages." *United States v. White Mountain Apache Tribe,* 537 U.S. 465, 473, 123 S.Ct. 1126, 155

L.Ed.2d 40 (2003); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed.Cir.2005) (en banc) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages," *i.e.*, a source which is "money mandating.").

To set forth a claim cognizable in this Court, the complaint must allege a violation of a federal statute, regulation, or the Constitution, committed by the Federal Government. *See* 28 U.S.C. § 1491(a)(1) (granting the United States Court of Federal Claims limited jurisdiction over claims against the Federal Government). The United States is not liable for the actions of non-federal parties who are not agents of the United States. *See Brazos Elec. Power Coop. v. U.S. Dep't of Agriculture*, 144 F.3d 784, 787 (Fed.Cir.1998) ("The Tucker Act sets forth a number of prerequisites for Court of Federal Claims jurisdiction ... [including] that the action be a claim against the United States") (internal citation omitted).

Plaintiff alleges that the Defendant's actions constituted violations of the Due Process Clause, the Equal Protection Clause, the Americans with Disabilities Act (ADA), the Health Insurance Portability and Accountability Act (HIPAA), the Takings Clause, and the Privacy Act. He claims that these actions led to the revocation of his medical licenses, and seeks monetary damages due to his loss of income, as well as an order from this Court compelling the reinstatement of the licenses.

### The Takings Clause

▮ The Takings Clause states that private property shall not be taken for public use without just compensation. U.S. Const. amend. V., cl. 4. Under the Takings Clause, a claimant is due compensation only if he was deprived of his property interest by the Federal Government or an entity acting as an agent of the Federal Government. *See Griggs v. Allegheny County, Pa.*, 369 U.S. 84, 89–90, 82 S.Ct. 531, 7 L.Ed.2d 585 (1962); *see also B & G Enters., Ltd. v. United States*, 220 F.3d 1318, 1325 (Fed.Cir.2000), *cert. denied*, 531 U.S. 1144, 121 S.Ct. 1079, 148 L.Ed.2d 956 (2001). The Federal Government is liable for a taking that is carried out by a state only if the state is operating under the authority of or pursuant to an order issued by the Federal Government. *See Preseault v. United States*, 100 F.3d 1525, 1551 (Fed.Cir. 1996).[6]

▮ Plaintiff's medical licenses were revoked by state agencies, and Plaintiff has not made allegations that suggest that the states were operating under the authority of the Federal Government in conducting the revocation proceedings. Although Plaintiff alleges that the Federal Government induced California and Vermont to revoke his medical licenses, he has not alleged any facts supporting such inducement or any involvement by the Federal Government in revoking his licenses whatsoever.[7]

### Constitutional Violations

▮ Violations of the Due Process Clause and the Equal Protection Clause do not require the United States to pay money damages. *Mullenberg v. United States*, 857 F.2d

6. Defendant argues that Plaintiff's medical licenses do not qualify as property interests compensable under the Takings Clause. Def's Mot. at 6–10. The Court need not resolve this issue as the licenses were not revoked by the Federal Government, and the Plaintiff has not alleged facts suggesting that the states which revoked the licenses were acting as agents of the Defendant in this endeavor.

7. Plaintiff alleges that both FAHC and the NPDB were acting as agents on behalf of the Federal Government. Compl. ¶¶ 46, 57. However, Plaintiff has not alleged facts giving rise to the elements of any agency relationship between the Federal Government and FAHC. Agency is "the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." Restatement (Second) of Agency § 1(1) (1958); *see also B & G Enters., Ltd. v. United States*, 220 F.3d at 1323.

Nor is there any factual allegation suggesting that the NPDB, as an entity created by the Department of Health and Human Services, had either any authority to revoke Plaintiff's medical licences or any role in either state's revocation process. Def's Mot. at 11. Plaintiff has not alleged any conduct on the part of NPDB giving rise to a taking. Rather, the only conduct on the part of the NPDB cited by Plaintiff was the circulation of the allegedly false FAHC document, which falls within Plaintiff's defamation claim.

770, 773 (Fed.Cir.1988). Accordingly, these alleged violations are not enforceable against the Federal Government for money damages. *See LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995) (explaining that complaint alleging violations of the Due Process Clauses of the Fifth and Fourteenth Amendments, the Equal Protection Clause of the Fourteenth Amendment, and the doctrine of the separation of powers does not provide for a basis of jurisdiction in the Court of Federal Claims). Therefore, Plaintiff's claim for damages as a result of these Constitutional violations cannot be entertained by this Court.

### The Americans With Disabilities Act

■ The ADA is meant to protect and prevent discrimination against individuals with disabilities. *See Office of the Senate Sergeant at Arms v. Office of Senate Fair Employment Practices,* 95 F.3d 1102, 1105 (Fed.Cir.1996). The ADA covers three general areas: employment (Title I), public services (Title II), and public accommodations and services operated by private entities (Title III). Americans with Disabilities Act of 1990, Pub.L. No. 101–336, 104 Stat. 327 (1990) (currently codified as 42 U.S.C. §§ 12101–12213 (2000)). The United States is excluded from the definition of an employer under Title I. 42 U.S.C. § 12111(5)(B)(i) (2000). Additionally, Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The term "public entity" does not include the Federal Government. *See* 42 U.S.C. § 12131 ("The term 'public entity' means-(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)"); *see also Cellular Phone Taskforce v. FCC,* 217 F.3d 72, 73 (2d Cir.2000) ("Title II of the ADA is not applicable to the federal government"). Finally, under Title III, the Federal Govern-ment is not a private entity operating a public accommodation or service. 42 U.S.C. § 12181. Therefore, Congress has not waived the Federal Government's sovereign immunity with regard to ADA claims. *See Gray v. United States,* 69 Fed.Cl. 95, 102 (2005) (holding that "the United States has not waived its sovereign immunity to be sued under the ADA ... [and the Court of Federal Claims] has no alternative but to dismiss plaintiff's ADA claim.").

### The Health Insurance Portability and Accountability Act

■ Plaintiff also claims that he is entitled to damages as a result of violations of HIPAA. Criminal and civil penalties can be pursued against those who violate provisions of HIPAA. 42 U.S.C. §§ 1320d–5 to d–6 (2000). However, the Secretary of the Department of Health and Human Services, not private individuals, shall pursue these penalties. *Id.* HIPAA focuses on "regulating persons who might have access to individuals' health information." *Univ. of Co. Hosp. Auth. v. Denver Pub. Co.,* 340 F.Supp.2d 1142, 1145 (D.Colo.2004). Accordingly, the penalties outlined in HIPAA are meant to be enforced by the government against individuals with access to health information, and the language of the statute "mirrors that customarily appearing in criminal statutes, and thus creates little reason to infer a private remedy." *Id.*

Although the Federal Circuit has not addressed whether or not HIPAA provides for a private cause of action, a number of District Courts have found that it does not. *See, e.g., Runkle v. Gonzales,* 391 F.Supp.2d 210, 237–38 (D.D.C.2005) (explaining that no federal court has found private right of action under HIPAA); *Johnson v. Quander,* 370 F.Supp.2d 79, 99–100 (D.D.C.2005); *O'Donnell v. Blue Cross Blue Shield of Wyo.,* 173 F.Supp.2d 1176, 1179–80 (D.Wyo.2001); *Univ. of Co. Hosp. Auth.,* 340 F.Supp.2d at 1145; *Wright v. Combined Ins. Co. of Am.,* 959 F.Supp. 356, 363 (N.D.Miss.1997). Accordingly, this Court dismisses Plaintiff's claims concerning violations of HIPAA because the statute does not provide for a

**290**

private right of action against the Federal Government.

### The Privacy Act

 Additionally, Plaintiff alleges that he is entitled to monetary damages due to Defendant's violation of the Privacy Act. The Privacy Act provides a civil cause of action for a private individual when an agency fails to comply with the Act. 5 U.S.C. § 552a(g)(1). However, the Privacy Act also states that "the district courts of the United States shall have jurisdiction in the matters." *Id.* Thus, the United States Court of Federal Claims does not have jurisdiction over matters that arise under this Act. *See Rogers v. United States,* 15 Cl.Ct. 692, 698 (1988) (Congress has vested jurisdiction over Privacy Act claims in the district courts); *Schmidt v. United States,* 3 Cl.Ct. 190, 194 (1983).

### Claims Sounding in Tort

 Plaintiff also claims that Defendant is liable for defamation and negligence. The Tucker Act states that the "United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States ... not sounding in tort." 28 U.S.C. § 1491(a)(1); *see also Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir.1997) (explaining that the United States Court of Federal Claims lacks jurisdiction over tort claims against the United States). Because Plaintiff's claims of negligence and defamation sound in tort, this Court lacks jurisdiction over them.

### Equitable Relief

In addition to his claims for monetary damages, Plaintiff also asks this court to reinstate his medical licenses. It is well established that this Court lacks authority to grant equitable relief except in limited circumstances. *See Bowen v. Massachusetts,* 487 U.S. 879, 905, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988); *see also Richardson v. Morris,* 409 U.S. 464, 465, 93 S.Ct. 629, 34 L.Ed.2d 647 (1973); *Glidden Co. v. Zdanok,* 370 U.S. 530, 557, 82 S.Ct. 1459, 8 L.Ed.2d 671 (1962); *Wheeler v. United States,* 11 F.3d 156, 159 (Fed.Cir.1993). *Cf.* 28 U.S.C. § 1491(b)(2) (granting the Court of Federal Claims equitable powers in bid protests). As

such, this Court must dismiss Plaintiff's claims for equitable relief.

### Conclusion

Defendant's Motion to Dismiss is granted.

The Clerk is directed to dismiss this action. No costs.