Ivan Comedore STAMPS, Plaintiff,

v.

UNITED STATES,[1] Defendant.

No. 06–677C.

United States Court of Federal Claims.

Oct. 26, 2006.

---

1. In his complaint, plaintiff names as defendants Zita L. Weinshienk; Laurie A. Booras; Troy A. Eid/John Henry Doe; Kenneth Wainstein/John Henry Doe.

## ORDER

HORN, Judge.

The plaintiff, Ivan Comedore Stamps, filed a complaint in this court on September 29, 2006 alleging a number of claims that appear to stem from a lawsuit he filed in the United States District Court for the District of Colorado. On October 7, 2004, Mr. Stamps filed a claim under 42 U.S.C. § 1983 (2000) in the District Court challenging the constitutionality of Colorado's mandatory parole statute. *Stamps v. Colorado*, 144 Fed.Appx. 746, 747 (10th Cir.2005). The District Court construed the complaint as a writ of habeas corpus and dismissed the case for failure to exhaust administrative remedies. *Id.* The plaintiff then attempted to appeal to the United States Court of Appeals for the Tenth Circuit. *Id.* On September 22, 2005, the Tenth Circuit denied the plaintiff's application finding that he could not "appeal the district court's denial of that application until he obtains a certificate of appealability ('COA')." *Id.*

Mr. Stamps then filed a complaint in this court, individually naming as defendants two United States Attorneys, the Colorado District Court Judge who presided over his section 1983 action, and the Colorado Deputy Attorney General. Mr. Stamps alleges twelve causes of action before this court: 1) the District Court Judge "created two fraudulent documents and entered them into the court record"; 2) the District Court Judge engaged in ex parte communication with United States Attorneys, 3) the District Court Judge violated the "Separation of Powers Doctrine" by "usurp[ing] the U.S. Attorneys rightful place in the litigation by appointing the Colorado Attorney General in their place"; 4) the District Court Judge

violated "her oath of fidelity"; 5) the District Court Judge violated an "implied-in-fact" contract by making the plaintiff pay filing fees; 6) the Colorado Deputy Attorney General committed an unauthorized appearance in his court case; 7) the Colorado Deputy Attorney General violated "her oath of fidelity"; 8) the United States Attorneys failed to fulfill their "contractual obligations" by not appearing in his court case violating his due process rights; 9) the United States Attorneys violated the "Separation of Powers Doctrine" by allowing the judiciary "to usurp their executive functions"; 10) the United States Attorneys "failed to prevent the Colorado Attorney General from appearing in their place" in violation of 42 U.S.C. § 1986; 11) the United States Attorneys "violated their oath of fidelity"; 12) the United States Attorneys failed to supervise "subordinate U.S. Attorneys." Plaintiff requests compensatory, nominal, and punitive monetary relief.[2] Plaintiff also requests that the court order an injunction to bar the United States District Court Judge who presided over his section 1983 action "from presiding over any case he brings to the U.S. District Court." For the reasons discussed below, this court finds that it lacks subject matter jurisdiction to hear Mr. Stamps' claims and his complaint must be dismissed.

## DISCUSSION

*Petition to Proceed In Forma Pauperis*

■ In this motion, plaintiff, acting *pro se*, asks leave of court to proceed *in forma pauperis*. Plaintiff appears to be an incarcerated inmate at the Arrowhead Correctional Facility.[3] In order to provide access to

---

2. Specifically, plaintiff requests compensatory damages in the amount of "$1,500,000.00 from each defendant in their personal capacity, and $1,500,000.00 in their professional capacity." He also requests "punitive damages in the sum of $1,000,000.00...from each defendant."

3. Plaintiff has submitted several documents to support his petition to be allowed to pursue this matter *in forma pauperis*. The first is an "Affidavit or Declaration in Support of Motion for Leave to Proceed *In Forma Pauperis*." The second is a computer print-out labeled "Inmate Banking History," dated 9/20/2006. Two Tenth Circuit

opinions indicate plaintiff's status as an inmate. Both *Stamps v. Colorado*, 144 Fed.Appx. 746 (10th Cir.2005), issued September 22, 2005, and *Stamps v. Fourth Judicial Dist. of Colo.*, 48 Fed. Appx. 320 (10th Cir.2002), dated October 17, 2002, state that Mr. Stamps sought a writ of habeas corpus in the United States District Court for the District of Colorado. Furthermore, in his complaint, plaintiff lists Arrowhead Correctional Facility, P.O. Box 300, Canon, Colorado, 81215 as his address and the mailing envelope, in which the complaint to this court was sent, reads:

this court to those who cannot pay the filing fees mandated in this court by Rule 77.1(c) of the Rules of the United States Court of Federal Claims (RCFC), 28 U.S.C. § 1915 (2000) permits a court of the United States, including this one, to allow a plaintiff to file a complaint without payment of fees or security, under specific circumstances. The applicable statute, 28 U.S.C. § 1915, provides:

(a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a) (2000) (bracketed word in original); *see also Hayes v. United States,* 71 Fed.Cl. 366, 366–67 (2006) (discussing 28 U.S.C. § 1915(a)).

When the person submitting a request to proceed *in forma pauperis* is a prisoner, 28 U.S.C. § 1915(a)(2) requires that the prisoner submit, along with the affidavit required by subsection (a)(1), a certified copy of:

[T]he trust fund account statement (or institutional equivalent) for the prisoner for the 6–month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2); *see also Matthews v. United States,* 72 Fed.Cl. 274, 277 (2006). Subsection 1915(b)(1) also requires that the filing fee for a lawsuit filed by a prisoner eventually be paid in full from funds available to prisoners. Subsection (b)(1) specifically states:

(b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—

(A) the average monthly deposits to the prisoner's account; or

(B) the average monthly balance in the prisoner's account for the 6–month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1).

Therefore, pursuant to 28 U.S.C. § 1915(a)(1), in order to qualify for *in forma pauperis* status, an applicant must file an affidavit which includes a statement of assets, a statement that the applicant is unable to pay such fees or provide security, the nature of the action, defense or appeal, and that the affiant believes that he or she is entitled to redress. As a prisoner requesting *in forma pauperis* status, in accordance with 28 U.S.C. § 1915(a)(2), the plaintiff also must submit a certified copy of the trust fund account statement for the prisoner for the six months preceding the filing of the action, along with the affidavit required by 28 U.S.C. § 1915(a)(1).

In the above-captioned case, the plaintiff, Ivan Comedore Stamps, complied with the requirements of 28 U.S.C. § 1915(a)(1) by attaching an affidavit which indicates that he has no income, property of value, no cash in a checking or savings account, and no other available assets. However, plaintiff failed to comply with the statutory requirements of 28 U.S.C. § 1915(a)(2). As noted above, plaintiff submitted a copy of a computer print-out of what could be his Inmate Banking History, with the account number. The document, however, is not properly certified. On the second page of the print-out titled Inmate Banking History there is an illegible signature with illegible words and letters in brackets and a telephone number, but no language of certification. The document, dated 9/20/2006, covers the period 2/20/2006

through 9/20/2006, and shows a balance of $35.68. Under the terms of the statute, this court must require submission of proper documentation before the court "may authorize the commencement, prosecution or defense of any suit, action or proceedings, civil or criminal, or appeal therein, without prepayment of fees or security", 28 U.S.C. § 1915(a), unless a proper *in forma pauperis* application satisfying the requirements of 28 U.S.C. § 1915(a)(1) and (a)(2) has been filed. Plaintiff's request to proceed *in forma pauperis* must be denied. Although the court finds that plaintiff has submitted insufficient documentation under the statute for the court to grant plaintiff's request to proceed *in forma pauperis* as discussed below, plaintiff's complaint is jurisdictionally defective and would be dismissed from this court in any event.

*Subject Matter Jurisdiction*

The court recognizes that the plaintiff is proceeding *pro se*. Normally, *pro se* plaintiffs are entitled to liberal construction of their pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *see also Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh'g denied,* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). The United States Court of Appeals for the Federal Circuit has similarly stated that "the pleadings of *pro se* litigants should be held to a lesser standard than those drafted by lawyers when determining whether the complaint should be dismissed for failure to state a claim because '[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.'" *Forshey v. Principi,* 284 F.3d 1335, 1357 (Fed.Cir.2002) (quoting *Hughes v. Rowe,* 449 U.S. at 15, 101 S.Ct. 173), *cert. denied,* 537 U.S. 823, 123 S.Ct. 110, 154 L.Ed.2d 33 (2002). However, "there is no 'duty [on the part] of the trial court ... to create a claim which appellant has not spelled out in his pleading ....'" *Scogin v.*

*United States,* 33 Fed.Cl. 285, 293 (1995) (quoting *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975)) (alterations in original). "'A complaint that is ... confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation ....'" *Scogin v. United States,* 33 Fed.Cl. at 293 (quoting *Vicom, Inc. v. Harbridge Merch. Servs., Inc.,* 20 F.3d 771, 775–76 (7th Cir.1994)) (alterations in original and citations omitted); *see also Merritt v. United States,* 267 U.S. 338, 341, 45 S.Ct. 278, 69 L.Ed. 643 (1925) ("The petition may not be so general as to leave the defendant in doubt as to what must be met.") (citations omitted). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States,* 59 Fed.Cl. 497, 499, *aff'd,* 98 Fed.Appx. 860 (Fed.Cir.), *reh'g denied.*

Furthermore, subject matter jurisdiction may be challenged at any time by the parties, by the court *sua sponte,* and even on appeal. *See Fanning, Phillips, Molnar v. West,* 160 F.3d 717, 720 (Fed.Cir.1998) (quoting *Booth v. United States,* 990 F.2d 617, 620 (Fed.Cir.), *reh'g denied* (1993)); *United States v. Newport News Shipbuilding and Dry Dock Co.,* 933 F.2d 996, 998 n. 1 (Fed. Cir.1991). "In fact, a court has a duty to inquire into its jurisdiction to hear and decide a case." *Special Devices, Inc. v. OEA, Inc.,* 269 F.3d 1340, 1342 (Fed.Cir.2001) (citing *Johannsen v. Pay Less Drug Stores N.W., Inc.,* 918 F.2d 160, 161 (Fed.Cir.1990)); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* 115 F.3d 962, 963 (Fed.Cir.1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). A plaintiff must establish jurisdiction by a preponderance of the evidence. *See Reynolds v. Army and Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988); *Thomas v. United States,* 56 Fed.Cl. 112, 115 (2003); *Martinez v. United States,* 48 Fed.Cl. 851, 857 (2001), *aff'd in part,* 281 F.3d 1376 (Fed.Cir.), *reh'g denied* (2002); *Bowen v. United States,* 49 Fed.Cl. 673, 675 (2001), *aff'd,* 292 F.3d 1383 (Fed.Cir.2002); *Vanalco, Inc. v. United States,* 48 Fed.Cl. 68, 73 (2000); *Alaska v. United States,* 32 Fed.Cl. 689, 695 (1995),

*appeal dismissed,* 86 F.3d 1178 (Fed.Cir. 1996) (table).

Pursuant to RCFC 8(a)(1) and Rule 8(a)(1) of the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement ·of the grounds upon which the court's jurisdiction depends." RCFC 8(a)(1). However, "[d]etermination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States,* 124 F.3d 1462, 1465 (Fed.Cir.), *reh'g denied* (1997) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Nevertheless, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." *Briscoe v. LaHue,* 663 F.2d 713, 723 (7th Cir.1981), *aff'd,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *Bradley v. Chiron Corp.,* 136 F.3d 1317, 1322 (Fed.Cir. 1998) ("Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim.").

In order for this court to have jurisdiction over a plaintiff's complaint, the Tucker Act requires that the plaintiff identify an independent substantive right enforceable against the United States for money damages. 28 U.S.C. § 1491 (2000). The Tucker Act states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

As interpreted by the United States Supreme Court, this Act waives sovereign immunity to allow jurisdiction over claims (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. *See United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114, *reh'g denied,* 425 U.S. 957, 96 S.Ct. 1736, 48 L.Ed.2d 202 (1976) (citing *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 605–06, 372 F.2d 1002, 1009 (1967)); *see also Palmer v. United States,* 168 F.3d 1310, 1314 (Fed.Cir.1999); *Stinson, Lyons & Bustamante, P.A. v. United States,* 33 Fed.Cl. 474, 478 (1995), *aff'd,* 79 F.3d 136 (Fed.Cir.1996). A waiver of traditional sovereign immunity cannot be implied but must be "unequivocally expressed." *INS v. St. Cyr,* 533 U.S. 289, 299 n. 10, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992); *Ins. Co. of the West v. United States,* 243 F.3d 1367, 1372 (Fed.Cir.), *reh'g and reh'g en banc denied* (2001); *Saraco v. United States,* 61 F.3d 863, 864 (Fed.Cir.1995) (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)), *cert. denied,* 517 U.S. 1166, 116 S.Ct. 1565, 134 L.Ed.2d 665 (1996).

The Tucker Act, however, merely confers jurisdiction on the United States Court of Federal Claims; " 'it does not create any substantive right enforceable against the United States for money damages.' " *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (quoting *United States v. Testan,* 424 U.S. at 398–99, 96 S.Ct. 948), *reh'g denied,* 446 U.S. 992, 100 S.Ct. 2979, 64 L.Ed.2d 849 (1980); *White Mountain Apache Tribe v. United States,* 249 F.3d 1364, 1372 (Fed.Cir.2001), *aff'd,* 537 U.S. 465, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003); *Cyprus Amax Coal Co. v. United States,* 205 F.3d 1369, 1373 (Fed.Cir.2000), *cert. denied,* 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001); *New York Life Ins. Co. v. United States,* 118 F.3d 1553, 1555–56 (Fed.Cir. 1997), *cert. denied,* 523 U.S. 1094, 118 S.Ct. 1559, 140 L.Ed.2d 792 (1998); *United States v. Connolly,* 716 F.2d 882, 885 (Fed.Cir.1983) (*en banc*), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984). Individual claimants, therefore, must look beyond the jurisdictional statute for a waiver of sovereign immunity. *United States v. Mitchell,* 445 U.S. at 538, 100 S.Ct. 1349. In order for

a claim to be successful, the plaintiff "must also demonstrate that the source of law relied upon 'can fairly be interpreted as mandating compensation by the federal government for the damages sustained.'" *White Mountain Apache Tribe v. United States*, 249 F.3d at 1372 (quoting *United States v. Mitchell*, 463 U.S. 206, 216–17, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)); *United States v. Testan*, 424 U.S. at 400, 96 S.Ct. 948; *Tippett v. United States*, 185 F.3d 1250, 1254 (Fed.Cir.1999) ("[T]he plaintiff must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States.") (quoting *James v. Caldera*, 159 F.3d 573, 580 (Fed.Cir.1998), *reh'g denied* (1999)); *Doe v. United States*, 100 F.3d 1576, 1579 (Fed.Cir. 1996), *reh'g and reh'g en banc denied* (1997); *Eastport Steamship Corp. v. United States*, 178 Ct.Cl. at 607, 372 F.2d at 1009.

■ For several reasons, discussed below, this court does not have jurisdiction to hear plaintiff's claims. First, plaintiff asserts his claims for damages and relief against a list of individually named defendants. One of the named defendants is the Colorado Deputy Attorney General, who Mr. Stamps is suing in her personal capacity. The remaining defendants are officers and agents of the United States government, who the plaintiff is suing in their professional and personal capacities. When a plaintiff's complaint names private parties, rather than federal agencies, this court has no jurisdiction to hear those allegations. *See Stephenson v. United States*, 58 Fed.Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual."). The jurisdiction of this court extends only to suits against the United States. *United States v. Sherwood*, 312 U.S. 584, 588, 61 S.Ct. 767, 85 L.Ed. 1058 (1941) ("[I]ts jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, ... and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court.") (citations omitted); *Brown v. United States*, 105 F.3d 621, 624 (Fed.Cir.), *reh'g denied* (1997); *Berdick v.*

*United States*, 222 Ct.Cl. 94, 99, 612 F.2d 533, 536 (1979); *Nat'l City Bank v. United States*, 143 Ct.Cl. 154, 164, 163 F.Supp. 846, 852 (1958) ("It is well established that the jurisdiction of this court extends only to claims against the United States, and obviously a controversy between private parties could not be entertained."); *Sindram v. United States*, 67 Fed.Cl. 788, 794 (2005) (noting that the jurisdiction of the United States Court of Federal Claims is confined to cases against the United States); *Kennedy v. United States*, 19 Cl.Ct. 69, 75 (1989) ("If the relief sought is other than a money judgment against the United States, the suit must be dismissed; and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the Court."). Therefore the plaintiff's claims filed against individuals and not the United States are dismissed, pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction.

Additionally, the court notes that plaintiff's claims are jurisdictionally defective in several other ways. The majority of plaintiff's claims appear to be a vague mixture of tort, constitutional and civil rights claims. In his complaint, Mr. Stamps alleges a number of counts that appear to sound in tort. Specifically, he claims that: the District Court Judge "created two fraudulent documents and entered them into the court record"; the District Court judge engaged in ex parte communication with United States Attorneys; the District Court Judge violated "her oath of fidelity"; the Colorado Deputy Attorney General committed an unauthorized appearance in his court case; the Colorado Deputy Attorney General violated "her oath of fidelity"; the United States Attorneys "violated their oath of fidelity"; and the United States Attorneys failed to supervise "subordinate U.S. Attorneys."

■ For those allegations in plaintiff's complaint which sound in tort, the Tucker Act expressly excludes such claims from the jurisdiction of the United States Court of Federal Claims. 28 U.S.C. § 1491(a)(1) (1994); *see Keene Corp. v. United States*, 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d

118 (1993); *Alves v. United States*, 133 F.3d 1454, 1459 (Fed.Cir.1998); *Brown v. United States*, 105 F.3d 621, 623 (Fed.Cir.1997), *reh'g denied* (1997); *Golden Pacific Bancorp. v. United States*, 15 F.3d 1066, 1070 n. 8 (Fed.Cir.), *cert. denied*, 513 U.S. 961, 115 S.Ct. 420, 130 L.Ed.2d 335 (1994); *Agee v. United States*, 72 Fed.Cl. 284, 290 (2006); *Zhengxing v. United States*, 71 Fed.Cl. 732, 739 (2006); *D.F.K. Enters., Inc. v. United States*, 45 Fed.Cl. 280, 284 (1999).

In reviewing the jurisdiction of this court, the United States Court of Appeals for the Federal Circuit has stated:

> It is well settled that the United States Court of Federal Claims lacks—and its predecessor the United States Claims Court lacked—jurisdiction to entertain tort claims. The Tucker Act expressly provides that the "United States Court of Federal Claims shall have jurisdiction ... in cases *not* sounding in tort." 28 U.S.C. § 1491(a)(1) (1988) (emphasis added), *as amended by* Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 902(a), 106 Stat. 4506; *see Aetna Casualty and Surety Co. v. United States*, 655 F.2d 1047, 1059, 228 Ct.Cl. 146 (1981).

*Shearin v. United States*, 992 F.2d 1195, 1197 (Fed.Cir.1993).

With regard to plaintiff's allegations of violations of the United States Constitution, not every claim involving, or invoking, the Constitution necessarily confers jurisdiction on this court. *Eastport Steamship Corp. v. United States*, 372 F.2d at 1009. In *United States v. Testan*, the United States Supreme Court stated:

> Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim—whether it be the constitution, a statute, or a regulation—does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis "in itself ... can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Eastport S.S. Corp. v. United States*, 372 F.2d at 1008, 1009.

*United States v. Testan*, 424 U.S. at 401–02, 96 S.Ct. 948.

▮ This court, therefore, only can render judgment for money when the violation of a Constitutional provision, statute, or regulation independently mandates payment of money damages by the United States. *Khan v. United States*, 201 F.3d 1375, 1377–78 (Fed.Cir.2000); *see also Crocker v. United States*, 125 F.3d 1475, 1476 (Fed.Cir.1997) ("The Court of Federal Claims correctly concluded that it does not have jurisdiction to hear [plaintiff's] due process ... claims under the Fifth Amendment to the United States Constitution."); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed.Cir.1995) (finding that claims under the Due Process Clauses of the Fifth and Fourteenth Amendments, the Equal Protection Clause of the Fourteenth Amendment, and the doctrine of Separation of Powers do not invoke United States Court of Federal Claims' jurisdiction because "they do not mandate payment of money by the government."); *Collins v. United States*, 67 F.3d 284, 288 (Fed.Cir. 1995) ("[T]he due process clause does not obligate the government to pay money damages."); *Mullenberg v. United States*, 857 F.2d 770, 773 (Fed.Cir.1988) (finding that the Due Process clauses "do not trigger Tucker Act jurisdiction in the courts."); *Murray v. United States*, 817 F.2d 1580, 1583 (Fed.Cir. 1987) (noting that the Fifth Amendment Due Process clause does not include language mandating the payment of money damages.). The plaintiff's complaint alleges violations of the due process clause of the Fifth Amendment to the United States Constitution and violation of the "Separation of Powers Doctrine". Plaintiff's constitutional claims, however, are not within this court's jurisdiction because those clauses do not support a claim for money damages against the United States.

▮ Similarly, for those claims which allege civil rights violations under 42 U.S.C. § 1986 (2000), it is well settled that this court does not have jurisdiction over civil rights claims brought under the statute. *See Anderson v. United States*, 22 Cl.Ct. 178, 179 (1990), *aff'd*, 937 F.2d 623 (Fed.Cir.1991) (finding that section 1986 does not provide a

basis for jurisdiction in the United States Court of Federal Claims and that jurisdiction over civil rights cases resides in the United States District Courts). Exclusive jurisdiction to hear civil rights claims resides in the federal district courts. *See* 28 U.S.C. § 1343 (2000); *see also Elkins v. United States*, 229 Ct.Cl. 607, 1981 WL 22073 (1981) ("[W]e do not have jurisdiction over claims based upon alleged violations of the civil rights laws."); *Hanes v. United States*, 44 Fed.Cl. 441, 449 (1999); *Blassingame v. United States*, 33 Fed.Cl. 504, 505, *aff'd*, 73 F.3d 379 (Fed.Cir. 1995), *cert. denied*, 517 U.S. 1237, 116 S.Ct. 1885, 135 L.Ed.2d 179 (1996); *Bunch v. United States*, 33 Fed.Cl. 337, 341 (1995), *aff'd*, 78 F.3d 605 (Fed.Cir.1996); *Lee v. United States*, 33 Fed.Cl. 374, 379 (1995); *Sanders v. United States*, 32 Fed.Cl. 573, 576 (1995); *Rogers v. United States*, 14 Cl.Ct. 39, 50 (1987), *aff'd*, 861 F.2d 729 (Fed.Cir.1988), *cert. denied*, 490 U.S. 1034, 109 S.Ct. 1930, 104 L.Ed.2d 403 (1989). Therefore, with regard to any of plaintiff's allegations of civil rights violations, this court also does not have jurisdiction.

■ Finally, plaintiff attempts to style one of his claims in terms of a breach of contract action. Plaintiff alleges that an implied-in-fact contract was formed when the United States District Court for the District of Colorado accepted his section 1983 case *in forma pauperis*. He alleges that the District Court Judge violated this contract when she charged him additional filing fees and "creat[ed] false documents and enter[ed] them into the record...." The plaintiff is asking this court to review actions of a United States Federal District Court. The United States Court of Federal Claims, however, "does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts." *Joshua v. United States*, 17 F.3d 378, 379 (Fed.Cir.1994); *see also Matthews v. United States*, 72 Fed.Cl. at 282 ("[T]his court lacks jurisdiction to consider whether the United States District Court [ ] abused its discretion...."). Therefore, this court is without jurisdiction to hear plaintiff's claim alleging a breach of contract by the District Court Judge. With regard to this allegation of a breach of contract, plaintiff

also may be asserting a tort claim. As discussed above, this court lacks jurisdiction to review claims sounding in tort.

Plaintiff also requests that this court order an injunction to bar the United States District Court Judge who presided over his section 1983 action "from presiding over any case he brings to the U.S. District Court." This court is without power "to grant affirmative non-monetary relief unless it is tied and subordinate to a monetary award." *Martinez v. United States*, 26 Cl.Ct. 1471, 1476 (1992), *aff'd*, 11 F.3d 1069 (Fed.Cir. 1993) (citing *Austin v. United States*, 206 Ct.Cl. 719, 723 (1975) (citing *United States v. King*, 395 U.S. 1, 5, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969) and *Jankovic v. United States*, 204 Ct.Cl. 807, 1974 WL 5592 (1974))). Moreover, this request by plaintiff inappropriately asks this court to interfere with the actions of a Federal District Court, which it cannot and will not do.

### CONCLUSION

For the foregoing reasons, plaintiff's request to proceed *in forma pauperis* is **DENIED**. However, based on the facts alleged in plaintiff's complaint, even if this court were to have found plaintiff's offer of a copy of a computer print-out of his Inmate Banking History to meet the requirements of the statute, this court is without jurisdiction to review the allegations urged in plaintiff's complaint. Consequently, Mr. Stamps should understand that no purpose would be served for him to attempt to improve his *in forma pauperis* petition and refile his complaint because the court still would not have jurisdiction to review the claims included in his complaint, for the reasons discussed above. The plaintiff's case before this court remains unfiled and should be returned to the plaintiff. The Clerk of the Court shall enter **JUDGMENT** consistent with this opinion. Should plaintiff refile this complaint, the clerk of this court shall notify the assigned judge of this order.

**IT IS SO ORDERED.**