**Merla J. MULLENBERG,
Plaintiff–Appellee,**

v.

**UNITED STATES of America, Department of Health & Human Services, and Dr. Otis Bowen, Secretary of Health & Human Services, Defendants–Appellants.**

**Appeal No. 87–1207.**

United States Court of Appeals,
Federal Circuit.

Sept. 15, 1988.

D. Michael Eakin, Montana Legal Services Ass'n, Billings, Mont., argued for plaintiff-appellee.

Marleigh D. Dover, Dept. of Justice, Washington, D.C., argued for defendants-appellants. With her on the brief were John R. Bolton, Asst. Atty. Gen., Byron H. Dunbar, U.S. Atty. and John F. Cordes.

Before SMITH and MAYER, Circuit Judges, and BENNETT, Senior Circuit Judge.

BENNETT, Senior Circuit Judge.

This is an appeal from a decision of the United States District Court for the District of Montana in *Mullenberg v. Bowen,* No. CV 82–126–BLG–JFB (D.Mont. May 9, 1986) (unpublished), the orders in the same case issued on November 7 and December 17, 1986, and the judgment of December 18, 1986. The decision granted the plaintiff's motion for summary judgment and denied the defendants' like motion. The plaintiff sought and was awarded reinstatement and back pay due to allegedly improper dismissal from her position as a dental assistant at an Indian Health Service (IHS) hospital in Crow Agency, Montana. We vacate and remand with instructions to dismiss the complaint.

## OPINION

The main issues on appeal are:

(1) whether the trial court had jurisdiction to review the employment termination of a nonpreference member in the "excepted service"; and

(2) whether the plaintiff was entitled to a preference position with the Indian Health Service when she was not an enrolled member of a federally recognized Indian tribe.

Under the Indian Reorganization Act, 25 U.S.C. §§ 461–479 (1982), qualified Indians are given a hiring preference with the Bureau of Indian Affairs (BIA).[1] This preference is equally applicable in the Indian Health Service. Its regulations provide that members of recognized tribes under federal jurisdiction are given employment preference. 42 C.F.R. § 36.41(a) (1987). To obtain an Indian preference an applicant must submit proof of membership as indicated on rolls or records acceptable to the Secretary of the Interior. 25 C.F.R. § 5.3 (1988). Upon satisfactory proof the BIA issues a certification that the person is an "Indian." 42 C.F.R. § 36.43.

Once the BIA certificate is issued the applicant is eligible for an appointment in the "excepted service" of the government.[2] It is under this statutory and regulatory system that the plaintiff obtained employment at an IHS facility. The first issue raised is whether the district court had subject matter jurisdiction to review the agency's personnel decision terminating the plaintiff's employment.

The Civil Service Reform Act of 1978[3] gives preferential treatment to certain veterans and their designated close relatives. 5 U.S.C. § 2108 (1982). These are called "preference eligibles." *Id.* Since the plaintiff is not a veteran or otherwise so qualified, she is not a preference eligible and does not contend to be one. The Merit Systems Protection Board declined review

1. "The Secretary of the Interior is directed to establish standards of health, age, character, experience, knowledge, and ability for Indians who may be appointed to the various positions maintained, now or hereafter, by the Indian Office, in the administration of functions or services affecting any Indian tribe. Such qualified Indians shall hereafter have the preference to appointment to vacancies in any such positions." 25 U.S.C. § 472. *See also* 5 C.F.R. §§ 213.3101(a) (1987), 213.3116(b)(8) (1980).

2. The Civil Service Reform Act of 1978 (CSRA), Pub.L. No. 95–454, 92 Stat. 1111 (1978), provides three main classifications of civil service: Senior Executive Service, Competitive Service, and Excepted Service. *See United States v. Fausto,* —— U.S. ——, 108 S.Ct. 668, 670 n. 1, 98 L.Ed.2d 830 (1988).

3. Pub.L. No. 95–454, 92 Stat. 1111 (codified, as amended, in various sections of 5 U.S.C. (1982 & Supp. IV (1986)).

jurisdiction accordingly. In *United States v. Fausto*, —— U.S. ——, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988), the Supreme Court reviewed the question of whether nonpreference eligible employees of the excepted service are entitled to judicial review of an adverse personnel action. The Court held these employees are not entitled to review under the CSRA, the Tucker Act, 28 U.S.C. §§ 1346, 1491 (1982), or the Back Pay Act, 5 U.S.C. § 5596 (1982).

■ Plaintiff claims the district court had jurisdiction under 28 U.S.C. § 1343(a)(4) which grants to it jurisdiction over civil actions under any Act of Congress providing for the protection of civil rights. The specific section relied upon by the plaintiff is 42 U.S.C. § 2000e-16 (1982), which prohibits employment discrimination by the federal government based, *inter alia*, on race.[4] The plaintiff argues this statute is violated since an Indian in the excepted service is not entitled to notice and a hearing prior to termination but other employees are entitled to these protections. The CSRA provides for termination under two separate categories. The first basis is for unacceptable performance and the second is "for such cause as will promote the efficiency of the service." 5 U.S.C. §§ 4301–4308 7513–7533 (chs. 43, 75). Certain procedural protections are provided by these provisions but they are inapplicable here because petitioner was not discharged under these chapters and because the provisions in the chapters providing for administrative or judicial review of the agency's final action are inapplicable to nonpreference members of the excepted service. The Supreme Court in *Fausto* approved their exclusion. Plaintiff impermissibly attempts to equate the competitive and excepted services. Further, there is no difference in the way Indian preference excepted service employees and all other nonveteran excepted service employees are treated. To hold otherwise misconstrues basic civil service law and is a clearly erroneous view of the facts of this case.

■ Plaintiff's separation was based on the discovery in a routine records audit that her BIA certificate was erroneously issued and therefore she was not an "Indian" and not qualified for Indian preference employment in the excepted service. The plaintiff was not qualified since she failed the membership requirements of the Crow Tribe which require one-fourth or more blood degree and the plaintiff is only one-sixteenth blood degree. Crow Tribal Res. No. 77–04 (July 10, 1976); *see Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 72 n. 32, 98 S.Ct. 1670, 1684 n. 32, 56 L.Ed.2d 106 (1978) (holding that Indian tribes have the power to determine their own membership). The district court was without authority to impose its own standard for tribal membership and appointment preference, using different criteria from that authorized by the Crow Tribe. The Civil Rights Act is inapplicable in this situation.

Assuming, *arguendo*, that the plaintiff was validly appointed, the failure to extend notice requirements to nonpreference eligible excepted service employees is not racial discrimination since Indian status is political and not racial. *United States v. Antelope*, 430 U.S. 641, 645, 97 S.Ct. 1395, 1398, 51 L.Ed.2d 701 (1977); *Morton v. Mancari*, 417 U.S. 535, 553–54 & n. 24, 94 S.Ct. 2474, 2484 & n. 24, 41 L.Ed.2d 290. We therefore hold the district court had no basis for jurisdiction under either 28 U.S.C. § 1343(a)(4) or 42 U.S.C. § 2000e-16. This is not a discrimination case. Blood quantum classification for employment in the excepted service is permissible for Indian status, as shown.[5]

■ We need not reach the plaintiff's contentions of jurisdiction under the fifth amendment for taking of property since

---

**4.** This is title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1971, 1975, 2000a–2000h.

**5.** Since Indian status is political, not racial, plaintiff fails to establish a minimal *prima facie* case of discrimination. Therefore to the extent *Williams v. Department of the Army*, 715 F.2d 1485, 1491 (Fed.Cir.1983) (in banc), precludes jurisdiction by this court of appeals in civil service employment cases involving both discrimination and nondiscrimination claims, it is inapplicable in the instant appeal and we have jurisdiction. *See Hill v. Department of the Air Force*, 796 F.2d 1469 (Fed.Cir.1986).

her appointment was void *ab initio* and subject to termination at will. As to her claim for damages for alleged violation of the due process and equal protection clauses of the Constitution, it is firmly settled that these clauses do not obligate the United States to pay money damages. *United States v. Testan,* 424 U.S. 392, 401–02, 96 S.Ct. 948, 954–55, 47 L.Ed.2d 114 (1976); *Inupiat Community v. United States,* 680 F.2d 122, 132, 230 Ct.Cl. 647 (1982); *Carruth v. United States,* 627 F.2d 1068, 1081, 224 Ct.Cl. 422 (1980). Therefore, these clauses of the fifth amendment do not trigger Tucker Act jurisdiction in the courts. Plaintiff urges the right to a personal claim against the Secretary of the Department of Health & Human Services under the authority of *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The Secretary is a defendant-appellant here. This claim was not discussed by the district court and is not properly before us on appeal. Last, we need not reach the question of the appropriateness of damages since we find jurisdiction was lacking in the district court.

In conclusion, we hold that plaintiff's appointment to the excepted service was void and that the district court was without subject matter jurisdiction. There is no colorable constitutional claim here. "The established rule is that one is not entitled to the benefit of a position until he has been duly appointed to it." *Testan,* 424 U.S. at 402, 96 S.Ct. at 955. Courts have no control over the appointing power, either civilian or military. *Orloff v. Willoughby,* 345 U.S. 83, 90, 73 S.Ct. 534, 538, 97 L.Ed. 842 (1953).

Accordingly, we vacate and remand with instructions to dismiss the complaint.

### COSTS

The parties will bear their own costs.

**VACATED AND REMANDED.**