David A. SCHOLL, Plaintiff,

v.

The UNITED STATES of America, Defendant.

No. 00–737C.

United States Court of Federal Claims.

Oct. 5, 2005.

Cletus P. Lyman, Lyman & Ash, Philadelphia, PA, for Plaintiff.

Todd Michael Hughes, U.S. Department of Justice, Washington, DC, for Defendant.

## ORDER

BASKIR, Judge.

On July 12, 2005, the Plaintiff filed his Motion to compel the Defendant's answer to Interrogatory 1 (First Motion); and his Motion to impose evidentiary consequences on the Defendant, overrule the Defendant's objections to discovery, and compel answers to interrogatories (Second Motion). The Defendant filed its Combined Opposition to Plaintiff's discovery motions on August 25, 2005, which included a Renewed Motion for Certification of an Interlocutory Appeal. Plaintiff filed his Reply on September 19.

In their Joint Status Report (JSR), filed by the parties on August 19, 2005, the Plaintiff expressed his desire to proceed to trial once this discovery dispute has been resolved. The Defendant once again raised its argument that this case should be certified for interlocutory appeal.

## I. *Interlocutory Appeal*

The last seven pages of Defendant's brief are dedicated to its Motion that this case be certified for interlocutory appeal, which this Court clearly rejected in its opinion of March 30, 2005.

In its Order of March 30, 2005, this Court denied the Defendant's Motion to Certify

Interlocutory Appeal as to the issues of law presented in this Court's opinions in *Scholl v. United States,* 54 Fed.Cl. 640 (2002) (*Scholl I*), and *Scholl v. United States,* 61 Fed.Cl. 322 (2004) (*Scholl II*). The Order rejected Defendant's motion as untimely, and because it failed to satisfy the requirements for interlocutory appeal. A motion requesting an interlocutory appeal as respects a discovery ruling on privilege was, as a minimum, not then ripe. Of course, either party is free to seek an interlocutory appeal as respects a discovery ruling once one is made.

The parties should also note that the Defendant's Motion violates the Court's Special Procedures Order, which has been amended since it was issued to the parties on September 11, 2000. Paragraph 8 of the Special Procedures Order, which was revised June 1, 2005 and has been filed concurrently with this Order, prohibits parties from making Motions in the text of legal memoranda.

The Defendant's Renewed Motion for Certification of an Interlocutory Appeal as to *Scholl I* and *Scholl II*, pages 13 to 19 of its Brief, is denied for reasons previously stated.

## II. In Camera Review

In his Motions to compel discovery, the Plaintiff challenges the sufficiency of the Defendant's privilege log, and also requests that the Defendant be required to submit allegedly privileged documents for the Court's *in camera* review. **The Plaintiff's request is granted.** The privilege log does not contain sufficient information about the documents to allow the Court to come to a reasoned decision.

By Defendant's own admission, a privilege log should identify all withheld documents and "describ[e] their general subject matter." Def. Brief at 5. However, Defendant's privilege log does not identify the general subject matter of many of the documents. **The Defendant is hereby ordered to re-submit its privilege log no later than November 1, 2005, identifying the general subject matter of documents 3–4, 6–7, 11–12, 14, 28–29, 31, 45–47, 49–50, and 52, based on the numbering system used in the Appendix to Plaintiff's Second Motion.**

**The Defendant is also ordered to submit to the Court, under seal, all of the documents in its privilege log no later than November 1, 2005. The Defendant shall number each document in accordance with the numbering system used by the Plaintiff in the Appendix to its Second Motion. The Plaintiff's Motion to overrule Defendant's claims of privilege is stayed until the Court can review the requested documents.**

## III. Protective Order

**The Court is hereby issuing a Provisional Protective Order in the event it becomes advisable to protect the confidentiality of evidence in this case. The parties are directed to submit any proposed changes in the Order no later than October 15, 2005 after which time the Order will become final.**

## IV. Interrogatory 1: The Witness Lists

In his Motion to compel Interrogatory 1, the Plaintiff seeks the name and nature of the testimony of each witness the Defendant intends to call at trial. In response, the Defendant claims: 1) the Rules do not require such a disclosure this far in advance of trial; 2) the decision-making process of the Third Circuit judges, the likely witnesses, is privileged; and 3) the Defendant is unable to identify trial witnesses without first knowing how the Plaintiff intends to prosecute his case. We address these arguments in turn.

First, regardless of the eventual trial date, the Court may order the Defendant to disclose its witness list. *See* RCFC 26(b)(1) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."). To the extent that the Court's prior orders setting forth the discovery schedule are not clear, the Court now holds that Interrogatory 1, seeking the name and nature of testimony of all witnesses the Defendant intends to call at trial, is timely.

Second, the Defendant attempts to assert a privilege to protect the list of witnesses it intends to call at trial. It defies logic and well-established legal principles, however, to allow the Defendant to claim a privilege that

it later intends to waive by calling the very witnesses it seeks to protect.

Third, Defendant's argument that it cannot produce its witness list because of a lack of understanding of the nature of the Plaintiff's case is also without merit. The Plaintiff's Complaint clearly identifies two Counts— Count 1 alleges violations of the Due Process Clause of the Fifth Amendment, and Count 2 alleges violations of the Regulations governing reappointment of Bankruptcy judges. Throughout this litigation, the Plaintiff has made evident his theories with respect to these two counts.

**Plaintiff's Motion to compel an answer to Interrogatory 1 is hereby granted as to Count 2. The Defendant is ordered to produce the name and nature of testimony of each witness it intends to call at trial in defending against Count 2. The Plaintiff is also directed to produce its list of witnesses as to Count 2 if not previously disclosed. The Plaintiff's Motion with respect to Count 1 is stayed pending the results of the Show Cause Order in the next section of this document.**

*V. Count 1 of the Complaint*

To date, the Defendant has not moved to dismiss Count 1 of the Complaint for lack of jurisdiction. Of course, the issue may not be waived, and the Court may consider whether it has subject matter jurisdiction over a claim *sua sponte. E.g., Fisher v. United States,* 402 F.3d 1167, 1173 (Fed.Cir.2005). If the statute, regulation, or Constitutional provision on which the claim is based is not money-mandating, then the Court must find that it lacks jurisdiction to hear the claim. *Id.* Because the Due Process Clause of the Fifth Amendment is not a money-mandating provision of the Constitution, *see Mullenberg v. United States,* 857 F.2d 770, 773 (Fed.Cir. 1988), the Court likely lacks jurisdiction to hear Count 1 of the Plaintiff's Complaint.

**The Plaintiff is therefore ordered to show cause no later than November 1, 2005 why Count 1 of his Complaint, based on the Due Process Clause of the Fifth Amendment, should not be dismissed for lack of subject matter jurisdiction. The Defendant may respond no later than No-**vember 30, and the Plaintiff's Reply is due December 14.

IT IS SO ORDERED.