**Phillippi S. LOWE, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 06–654C.

United States Court of Federal Claims.

April 16, 2007.

Phillippi S. Lowe, Evergreen, Alabama, pro se.

Anuj Vohra, United States Department of Justice, Civil Division, Washington, D.C., counsel for Defendant.

## MEMORANDUM OPINION
## AND FINAL ORDER

BRADEN, Judge.

## I. RELEVANT FACTS.[1]

Plaintiff, a veteran of the United States Navy, asserts a variety of claims against the Government and seeks $13 million in damages. *See* Compl. at 1–2, 4. The Complaint alleges that employees of the United States, acting within the scope of their employment, engaged in a variety of tortious and discriminatory actions against Plaintiff over a seventeen-year period between 1989 and 2006. *Id.* at 6. Specifically, the Complaint alleges that in 1991, racially motivated police officers arrested Plaintiff for a robbery that he did not commit. *Id.* at 5–6; *see also* Compl. Ex. A. In May 1993, Plaintiff was convicted of robbery and served several years in prison. *Id.* The Complaint further alleges that after Plaintiff's conviction was overturned and he was released from prison, the local police and a Sheriff's Department lawyer threatened him, causing him to drop a lawsuit relating to the robbery arrest. Compl. at 6. In addition, the Complaint alleges that stress associated with the robbery arrest and lawsuit aggravated a pre-existing medical condition resulting in $40,000 in medical bills and leaving Plaintiff with substantial long-term physical ailments. *Id.* Plaintiff apparently filed a lawsuit in state court, *pro se,* relating to his medical condition, but the Complaint alleges that a judge threatened to "put [Plaintiff] in jail for filing [a] pro se lawsuit without [an] attorney." *Id.* The Complaint does not provide any details regarding the ultimate disposition of this lawsuit. *Id.*

The Complaint then alleges that several local police officers made death threats against Plaintiff. *Id.* The threats stemmed from a confrontation between Plaintiff and a local police officer who was allegedly involved with the mother of Plaintiff's daughter. *Id.* The Complaint states that Plaintiff reported the officer's threats to the various state and federal police agencies, including the Federal Bureau of Investigation. *Id.* The Complaint then alleges that local police officers engaged in a pattern of harassment, including failing to properly investigate a traffic accident involving Plaintiff and mailing threatening postcards to Plaintiff. *Id.* at 7–8.

On September 4, 2002, Plaintiff was involved in a car accident while traveling in

---

1. The relevant facts and procedural history recited herein were derived from: the September 14, 2006 Complaint ("Compl.") and exhibits thereto ("Compl.Ex.___"); and Defendant ("the Government")'s October 26, 2006 Motion to Dismiss ("Gov't Mot. Dis.").

Florida where the other driver was at fault and driving under the influence of alcohol. *Id.* at 7; *see also* Compl. Ex. E at 32. The police did not establish that the other driver was drunk, allegedly due to the officers' racial prejudice against Plaintiff. Compl. at 7. The Complaint also alleges that state law enforcement and court officials conspired to evict Plaintiff from his house and render him homeless. *Id.* at 7. The Complaint further alleges that a lawsuit filed by Plaintiff, against a nursing home regarding the death of his mother, was improperly dismissed. *Id.*

Finally, the Complaint asserts a general failure of duty on the part of the federal government to investigate or protect Plaintiff from these various injuries. *Id.*

## II. PROCEDURAL BACKGROUND.

On September 14, 2006, Plaintiff filed a Complaint in the United States Court of Federal Claims alleging seven causes of action: (1) abuse of process; (2) discrimination; (3) concurrent negligence; (4) negligence *per se;* (5) wanton negligence; (6) omission; and (7) suppression of evidence.[2] *See* Compl. at 5. In addition, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis.* The Government filed a Motion to Dismiss for lack of subject matter jurisdiction, pursuant to RCFC 12(b)(1).

On January 12, 2007, the Clerk of the United States Court of Federal Claims mailed Plaintiff a copy of the Government's October 26, 2006 Motion to Dismiss, because Plaintiff represented to the court that he had not received a copy of the motion when it was originally filed. On February 23, 2007 Plaintiff filed a Response to the Government's October 26, 2006 Motion to Dismiss. On February 26, 2007, Plaintiff filed: a Motion "for USA Congress to provide legislative relief for U.S. War Veterans" and a Motion for "FBI and U.S. Marshall [sic] to investigate." On February 28, 2007, the Government filed a Reply to Plaintiff's February 23, 2007 Response. On March 15, 2007, the Government

filed Responses to Plaintiff's February 26, 2007 motions.

## III. DISCUSSION.

### A. Jurisdiction.

The Tucker Act is the principal statute establishing the jurisdiction of the United States Court of Federal Claims. *See* 28 U.S.C. § 1491. Under the Tucker Act, the court has "jurisdiction to render judgment upon any claims against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

The Tucker Act, however, is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Therefore, in order to pursue a substantive right, a plaintiff must identify and plead a separate contractual relationship, constitutional provision, federal statute, and/or agency regulation that provides a substantive right to money damages for the court to have jurisdiction. *See Todd v. United States,* 386 F.3d 1091, 1094 (Fed. Cir.2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act."); *see also Roth v. United States,* 378 F.3d 1371, 1384 (Fed.Cir.2004) ("Because the Tucker Act itself does not provide a substantive cause of action, however, a plaintiff must find elsewhere a money-mandating source upon which to base a suit."); *Khan v. United States,* 201 F.3d 1375, 1378 (Fed.Cir.2000) ("[T]he plaintiff 'must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States.' ") (quoting *James v. Caldera,* 159 F.3d 573, 580 (Fed.Cir.1998)).

**2.** The September 14, 2006 Complaint fails to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" for the seven claims asserted therein. *See* RCFC 8(a)(2). Instead, Plaintiff generally asserts seven claims, with a brief definition of the legal concept that underlies each claim. *See e.g.* Compl. at 5("(1) Abuse of process: Employment of the criminal or civil process for a use other than which is intended by law.").

**B. Standard For Decision On Motion To Dismiss Pursuant To RCFC 12(b)(1).**

A challenge to the "court's general power to adjudicate in specific areas of substantive law ... is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States,* 168 F.3d 1310, 1313 (Fed.Cir.1999); *see also Fisher v. United States,* 402 F.3d 1167, 1173 (Fed.Cir.2005) ("If the court's conclusion is that the source as alleged and pleaded is not money-mandating, the court shall so declare, and shall dismiss the cause for lack of jurisdiction, a Rule 12(b)(1) dismissal—the absence of a money-mandating source being fatal to the court's jurisdiction under the Tucker Act."); RCFC 12(b)(1).

In deciding a motion to dismiss, the court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995). Nevertheless, Plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question, it [is] incumbent upon [plaintiff] to come forward with evidence establishing the court's jurisdiction.").

**C. *Pro Se* Plaintiff Pleading Requirements.**

In the United States Court of Federal Claims, the pleadings of a *pro se* plaintiff are held to a less stringent standard than those of the litigants represented by counsel. *See Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (*pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers")). Indeed, it has been the tradition of the court to examine the record "to see if [a *pro se* ] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States,* 188 Ct.Cl. 456, 468, 412 F.2d 1285 (1969). However, while the court may allow a generous reading of the complaint given the plaintiff's *pro se* status, it may not excuse the overall failings of the pleading. *See Henke,* 60 F.3d at 799 ("The fact that he acted *pro se* in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures[.]").

**D. The Court's Resolution Of The Government's Motion To Dismiss.**

The Complaint invokes the jurisdiction of the United States Court of Federal Claims under: 42 U.S.C. § 1983 and the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1). Compl. at 3. The Complaint also asserts that Government employees violated Plaintiff's rights under the "First, Fifth, [and] Fourteenth Amendment[s] ... to the Constitution of the United States[.]" *Id.*

**1. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Claims Arising Under The Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1).**

Six of the Complaint's seven claims *i.e.,* abuse of process, concurrent negligence, negligence *per se,* wanton negligence, omission, and suppression of evidence, all sound in tort. *See Adams v. United States,* 20 Cl.Ct. 132, 139 (1990) (holding that the United States Claims Court [predecessor court to the United States Court of Federal Claims] lacks jurisdiction over claims alleging negligence because such claims sound in tort); *Vincin v. United States,* 199 Ct.Cl. 762, 468 F.2d 930, 932 (1972) (holding that the United States Court of Claims [a predecessor court to the United States Court of Federal Claims] lacks "jurisdiction [over] a tort claim [of] ... abuse of process"). The Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1) authorizes United States District Courts with exclusive jurisdiction over civil actions sounding in tort against the federal government. *See* 28 U.S.C. § 1346(b)(1) (providing that "the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government"). Section 1346(b)(1) does not authorize the United States Court of Federal

Claims to adjudicate civil tort actions. *See Awad v. United States*, 301 F.3d 1367, 1372 (Fed.Cir.2002) (providing that jurisdiction for claims brought under the Federal Tort Claims Act lies in federal District Court, not in the United States Court of Federal Claims). Accordingly the court does not have jurisdiction to adjudicate Plaintiff's tort claims.[3]

### 2. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Claims Arising Under 42 U.S.C. § 1983.

■ The Complaint also asserts a claim of discrimination by the Government and argues that jurisdiction over this claim is proper pursuant to 42 U.S.C. § 1983.[4] *See* Compl. 2–3, 5. Section 1983 jurisdiction, however, is conferred exclusively on the United States District Courts. *See* 28 U.S.C. § 1343(a) ("The *district courts* shall have original jurisdiction of any civil action authorized by law to be commenced by any person ... (4) To recover damages or to secure equitable or other relief under any act of Congress providing for the protection of civil rights[.]") (emphasis added). Accordingly, the United States Court of Federal Claims does not have jurisdiction over claims arising under 42 U.S.C. § 1983 and may not adjudicate Plaintiff's claims arising thereunder.

### 3. The United States Court of Federal Claims Does Not Have Jurisdiction Under the First or Fourteenth Amendments, or the Due Process Clause of the Fifth Amendment.

■ The Complaint also asserts that the Government deprived Plaintiff of his rights under the "First, Fifth, [and] Fourteenth Amendment[s]." The Tucker Act does not create a cause of action, but instead requires a plaintiff to base their claim on a money-mandating constitutional provision, statute, or regulation that is "reasonably amenable to the reading that it mandates a right to recovery in damages." *Fisher*, 402 F.3d at 1174 (citing *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003)). The United States Court of Appeals for the Federal Circuit has held that claims based on the First Amendment, the Due Process Clauses of the Fifth and the Fourteenth Amendments, and the Equal Protection Clause of the Fourteenth Amendment are not money-mandating. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed.Cir.1995) (holding that claims under the Due Process Clauses of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment do not invoke United States Court of Federal Claims' jurisdiction because "they do not mandate payment of money by the government"); *see also Collins v. United States*, 67 F.3d 284, 288 (Fed.Cir.1995) ("[T]he due process clause does not obligate the [G]overnment to pay money damages."); *Mullenberg v. United States*, 857 F.2d 770, 773 (Fed.Cir.1988) (holding that the Due Process clauses of the Fifth and Fourteenth Amendments "do not trigger Tucker Act jurisdiction in the courts"); *Murray v. United States*, 817 F.2d 1580, 1583 (Fed.Cir.1987) (stating that the Fifth Amendment Due Process clause does not include language mandating the payment of money damages.) Accordingly, the court does not have jurisdiction to adjudicate Plaintiff's claims for relief under the First or Fourteenth Amendments or the Due Process Clause of the Fifth Amendment.

---

**3.** The Complaint alleges that the Government took "tort/criminal" actions against Plaintiff. *See* Compl. at 1, 4, 5. To the extent that the Complaint alleges criminal claims against the Government or its employees, this court does not have jurisdiction to adjudicate those claims either. *See* 28 U.S.C. § 1491(a).

**4.** Section 1983 provides, in relevant part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. 42 U.S.C. § 1983.

**4. The United States Court of Federal Claims Does Not Have Jurisdiction Over Fifth Amendment Just Compensation Claims Arising from Unauthorized Governmental Actions.**

■ The United States Court of Federal Claims has jurisdiction over claims asserted under the Just Compensation Clause of the Fifth Amendment to the United States Constitution. *See Moden v. United States,* 404 F.3d 1335, 1341 (Fed.Cir.2005) ("Thus, to the extent [plaintiffs] have a nonfrivolous takings claim founded upon the Fifth Amendment, jurisdiction under the Tucker Act is proper."); *Murray,* 817 F.2d at 1583–84 ("[T]he 'just compensation' required by the Fifth Amendment has long been recognized to confer upon property owners whose property has been taken for public use the right to recover money damages from the government."). An actionable taking, however, can only result from authorized federal actions. *See Rith Energy, Inc. v. United States,* 247 F.3d 1355, 1365 (Fed.Cir.2001) (explaining that "an uncompensated taking and an unlawful government action constitute 'two separate wrongs [that] give rise to two separate causes of action,' and that a property owner is free either to sue in District Court for asserted improprieties committed in the course of the challenged action or to sue for an uncompensated taking in the [United States] Court of Federal Claims") (quoting *Del–Rio Drilling Programs, Inc. v. United States,* 146 F.3d 1358, 1364 (Fed.Cir.1998)); *see also Florida Rock Indus., Inc. v. United States,* 791 F.2d 893, 898–899 (Fed.Cir.1986), *cert. denied,* 479 U.S. 1053, 107 S.Ct. 926, 93 L.Ed.2d 978 (1987) (recognizing that takings cases are based on the proper exercise of statutory and regulatory authority). Unauthorized actions by federal officials, such as those alleged in the Complaint, are torts, and must be pursued in the United States District Courts. *See* 28 U.S.C. 1491(a) ("the United States Court of Federal Claims shall

have jurisdiction upon any claim ... in cases *not sounding in tort.*") (emphasis added); *see also Smithson v. United States,* 847 F.2d 791, 794 (Fed.Cir.1988); *cert. denied,* 488 U.S. 1004, 109 S.Ct. 782, 102 L.Ed.2d 774 (1989) (claims based on Government misconduct sound in tort).

For the aforementioned reasons, the court does not have jurisdiction over the seven claims alleged in Plaintiff's September 14, 2006 Complaint.[5]

**E. Resolution of Plaintiff's February 26, 2007 Motions.**

Because the court does not have jurisdiction over the claims alleged in the September 14, 2006 Complaint, Plaintiff's February 26, 2007 Motion "for USA Congress to provide legislative relief for U.S. War Veterans" and Plaintiff's February 26, 2007 Motion for "FBI and U.S. Marshall [sic] to investigate" are denied, as moot.

**IV. CONCLUSION.**

For the aforementioned reasons, the Government's October 26, 2007 Motion to Dismiss, pursuant to RCFC 12(b)(1), is granted. Plaintiff's February 26, 2007 Motion "for USA Congress to provide legislative relief for U.S. War Veterans" and Plaintiff's February 26, 2007 Motion for "FBI and U.S. Marshall [sic] to investigate" are denied, as moot. The Clerk of the Court is hereby directed to dismiss Plaintiff's September 14, 2006 Complaint.

**IT IS SO ORDERED.**

---

**5.** A separate jurisdictional problem is created by the statute of limitations that requires "every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The Complaint fails to allege facts that establish

when the alleged claims accrued. It is clear that at least some of Plaintiff's claims are based on events and omissions that occurred more than six years before the Complaint was filed. *See* Compl. at 5–7. Accordingly, those claims would also be barred under 28 U.S.C. § 2501.