**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOHN PAUL JONES, III,
             Appellant,

      v.

DEPARTMENT OF HEALTH AND
    HUMAN SERVICES,
             Agency.

DOCKET NUMBER
DE-3330-15-0145-I-1

DATE: May 26, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>John Paul Jones, III</u>, Albuquerque, New Mexico, pro se.

<u>Joan M. Zanzola</u>, Chicago, Illinois, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied the appellant's request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2     In this appeal, the appellant alleged that the agency violated his veterans' preference rights under VEOA by failing to consider him for a GS-15 Health Service Administrator position with the Indian Health Service in Bemidji, Minnesota. Initial Appeal File (IAF), Tabs 1, 9. The administrative judge found jurisdiction over the appeal, but he denied the appellant's request for corrective action without holding a hearing because the agency established that the position at issue was subject to regulations awarding a hiring preference to persons of Indian descent, for which the appellant acknowledges he does not qualify, and the agency received ample applications from individuals both substantively qualified for the position and of Indian descent, such that it did not need to consider any non-Indian preference candidates for the position. IAF, Tab 13, Initial Decision (ID) at 4-5. As for the appellant's request that the administrative judge postpone his decision pending agency proof that it indeed hired an individual of Indian descent, the administrative judge noted both in his close of record order and in the initial decision that he is without authority to consider an alleged VEOA

violation based on a selection decision when that decision was made after the appellant sought relief from the Department of Labor (DOL). ID at 5.

¶3        In his petition for review, the appellant does not challenge either the relevance of or the agency's application of Indian preference regulations in the selection process at issue. Petition for Review (PFR) File, Tab 1. Instead, he extensively discusses other actions he has filed, asserts that the administrative judge erred in not holding a hearing or allowing him to conduct discovery, and reiterates that he would withdraw his complaint if the agency would establish that an Indian candidate was actually hired. *Id.* The agency responded in opposition. PFR File, Tab 2.

¶4        To establish Board jurisdiction over an appeal brought under the VEOA, an appellant must: (1) show that he exhausted his remedy with DOL; and (2) make nonfrivolous allegations that (i) he is a preference eligible within the meaning of the VEOA, (ii) the action(s) at issue took place on or after October 30, 1998, and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference. *Hillman v. Tennessee Valley Authority*, 95 M.S.P.R. 162, ¶ 9 (2003), *overruled on other grounds by Goldberg v. Department of Homeland Security*, 99 M.S.P.R. 660 (2005). The Board may decide a VEOA claim on the merits without a hearing when there is no genuine issue of material fact and one party must prevail as a matter of law. *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 12 (2007).

¶5        The administrative judge correctly determined that the record reflects no genuine issue of material fact and that the agency must prevail as a matter of law. It is well established that the agency may apply Indian preference regulations in hiring for positions in the Indian Health Service. *E.g.*, *Mullenberg v. United States*, 857 F.2d 770, 771 (Fed. Cir. 1988); *Nelson v. Department of Health & Human Services*, 119 M.S.P.R. 276, ¶ 2 (2013); *see* 42 C.F.R. § 136.41. The record reflects that the agency did so and that it received applications from ample qualified individuals for the position at issue who also qualified for Indian

preference, such that the agency found it unnecessary to consider the appellant for the position. ID at 2-3, n.1; *see* IAF, Tab 8 at 81-87, 104-06. Under these circumstances, we agree with the administrative judge's decision to deny the appellant's request for corrective action under VEOA.

¶6    The administrative judge also correctly declined to postpone his decision until the agency offered proof that it had actually hired an Indian candidate for the position as the record does not indicate that the agency had made its selection at the time the appellant filed his VEOA complaint with DOL. ID at 5; *compare* IAF, Tab 8 at 106 (declaration that the agency had not yet begun interviews for the position as of January 20, 2015), *with* IAF, Tab 1 at 8 (DOL letter indicating that the appellant filed his VEOA complaint on January 8, 2015); *see Graves v. Department of Veterans Affairs*, 117 M.S.P.R. 491, ¶ 13 (2012) (the appellant failed to exhaust his DOL remedy because he filed his DOL complaint before any nonselection or other violation occurred).

¶7    Lastly, we find that the administrative judge did not abuse his discretion regarding discovery. The Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion. *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table). As the administrative judge observed, given the reasons for which the appellant failed to establish that the agency violated his rights under VEOA, the appellant also failed to identify any discovery he sought which could lead to potentially relevant evidence on that issue. ID at 5. Similarly, the appellant fails to explain on review why anything he sought in discovery would have changed the result in his appeal. *See Russell v. Equal Employment Opportunity Commission*, 110 M.S.P.R. 557, ¶ 15 (2009) (the appellant must explain how any information he sought would have changed the result of the appeal in order to establish an abuse of the administrative judge's discretion).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                _____
William D. Spencer
Clerk of the Board

Washington, D.C.